HENRY F. LATHROP, *Administrator of the Estate of* WILLIAM PENN BARNES, *and Guardian of Minor Children and Heirs, Appellant, v.* CARLOS A. HITCHCOCK, *Administrator of the Estate of* JEFFREY BARNES AND OTHERS.

### *Probate Court. Jurisdiction. Petition.*

The probate court may revoke an order of reference (while the same is pending) of an alleged claim existing between an administrator and others on petition of one not a party to the reference, and against the consent of the parties, upon proof of facts which might render further proceedings before the referees fraudulent and injurious to the rights of persons interested in the claim referred.

The denial of the probate court upon such petition, may be appealed from, whether the petitioner was a party to the reference or not.

THIS was an appeal from a certain order and decree of the probate court for the district of Rutland, made on a petition, presented to said probate court by the appellant, praying the said probate court to revoke and annul a certain order of the probate court referring to a referee an alleged claim existing between Carlos A. Hitchcock as administrator of the estate of Jeffrey Barnes, deceased, of the one part, and Violet Barnes, the widow, and Emily F. Barnes and Josephine Barnes, the daughters of Jeffrey Barnes, of the other part,— the said petitioner alleging that William Penn Barnes was a son of Jeffrey Barnes, and that the minor children of William Penn Barnes are interested in the matter of the said claim; that the appellant as administrator of William Penn Barnes, and guardian of the minor children and heirs of said Penn, never consented to said reference;

and that he is informed and believes that said reference was collusive as between the claimants and administrator. By the said order and decree appealed from the prayer of the petition was denied and the petition was dismissed. On the entry of the appeal in the county court the petitionees and appellees moved to dismiss the petition and appeal for want of jurisdiction in the matter of the petition. On the hearing of said motions, judgment was rendered by the county court at the September Term, 1864, KELLOGG, J., presiding, *pro forma*, dismissing the petition on the ground that the probate court had no jurisdiction of the subject matter of the petition. To this judgment the appellant excepted.

*E. J. Phelps* and *Edgerton & Paul*, for the plaintiff.

*W. H. Smith* and *Prout & Dunton*, for the defendant.

The opinion of the court was delivered by

WILSON, J. This is a petition and was originally filed in the probate court, praying that a certain order of reference of that court might be revoked and annulled on the alleged ground that the reference is collusive as between the claimant and the administrator on the estate of Jeffrey Barnes, and designed to cut off the rights of the children of William Penn Barnes, who are interested in the estate of the petitionees, intestate. The main question is whether the probate court had jurisdiction of the subject matter of the petition. The proceeding sought to be revoked is founded on section 39 of chapter 48 of the General Statutes, which provides that when there shall be any disputed claim existing between an executor or administrator in behalf of the estate he represents, or a guardian in behalf of his ward and any other person, such disputed claim may, with the consent of the parties in writing, be referred to referees, under an order of the probate court, and the award of the referees, made in writing and returned to and accepted by the probate court, shall be final between the parties. No question is made but that the claim referred, and the parties to the reference are within the express provisions of the statute. It is obvious that such claim cannot be referred without the consent of the parties in writing; nor does the right to a reference in such case depend upon their will or consent merely, but in order to authorize such mode of trial it must, upon the written consent of the parties, be ordered by the probate court.

Lathrop, Adm'r and Guardian, *v.* Hitchcock, Adm'r, et al.

Upon application for such reference the probate court, doubtless, would consider all known reasons both for and against making the order, and the qualifications of the referees. But a subsequent development might show that it would be injurious and even destructive to the interests of one of the parties to allow the reference to proceed to final judgment. It might turn out that the referees were interested in the claim, which was unknown to one or both of the parties at the time the reference was ordered, which would disqualify the referees to act in the premises. For other causes existing at the time or arising subsequent to the order of reference, it might be highly improper to allow the referees to try the case. A case would be as likely to arise in that court as in any other court where fraud was practiced by one of the parties by which the other party was induced to consent to the reference; and cases frequently arise of change of the real parties arising from assignment of interest, but in neither of the cases named would it be just to allow the reference to proceed. In the present case it is alleged that the reference is entirely collusive as between the claimant and administrator, and designed to cut off the rights of persons interested in the subject matter referred. It is not important to inquire whether the allegations of the petition are true or merely imaginary. The true point of inquiry is whether, by the order of reference, the adjudication of the claim is so far surrendered to the parties of record and referees that the consent of the parties is necessary in order to give the probate court further jurisdiction in the premises. The statute under which the reference was ordered, expressly provides that the report of the referees shall be returned to the probate court, and the question whether it would be final between the parties is made to depend upon its acceptance by that court. We think the legislature intended to vest in the probate court such incidental power as would enable it to secure to the parties an impartial trial in all matters cognizable before such court. A different rule would limit the power of that court in the correction of its proceedings in matters of vital importance to the parties, and subject them and other persons interested in the settlement of estates to the sacrifice and loss resulting from fraud, collusion, accident or mistake, which it is conceded. common law courts have the power to prevent or remedy. At the time this peti-

tion was filed in the probate court, the subject matter of the refer-
ence was pending before that court, and the claim was within the
exclusive jurisdiction of the probate court; and we think it would
be the duty of that court, upon proof of collusion or facts which
might render further proceedings before the referees fraudulent and
injurious as to the rights of any person interested in the claim re-
ferred, or in the estate, to revoke the reference.    In *Adams* v. *Ad-
ams,* 21 Vt. 162, HALL, J., in delivering the opinion of the court
says,  " the power of revision of previous proceedings in some form
or other, has always been considered as incidental to all courts of
general jurisdiction, and from the nature and character of the pro-
ceedings of the probate court, seem peculiarly necessary to its safe
and satisfactory administration of justice."

It is urged by the petitionees that, as the act of reference was the
concurrent act of the parties and court, the consent of the parties is
necessary to justify its revocation.    But it is apparent that under
such a rule the rights of persons interested in the settlement of es-
tates might depend upon the consent of a person who had unlawfully
or by chance obtained the advantage, and not upon the jurisdiction,
power and judgment of the probate court.

Probate courts in this state have the exclusive jurisdiction of the
settlement of estates, to the same extent, that jurisdiction of matters
of contract, or tort, *inter vivos,* is given to the common law courts.
We are not called upon to say what decision the probate court ought
to have made upon the merits of the petition in this case, nor is it
important to consider whether the decision of that court was upon
the merits of the petition or upon a question of jurisdiction.    The
decision of the probate court in this case, denying the relief sought
by the petition, was a final disposition of the matter before that
court, and was, in that respect a denial from which an appeal might
be taken.  *Adams* v. *Adams,* 21 Vt. 162.    The statute regulating
appeals from the probate court, declares that any person interested
in any order, sentence, decree or denial of that court, who considers
himself injured thereby, may appeal therefrom to the county court.
It was not necessary in order to the right of appeal, for the peti-
tioner to have been a party to the reference ; all the statute required
to give him the right of appeal was an interest in the order, sen-

tence, decree or denial of the court, and the petitioner feeling him-
self aggrieved by it, had the right to have the decision reviewed on
appeal.

The judgment of the county court dismissing the appeal is re-
versed and the case is remanded to the county court for further
proceedings.