NATHANIEL BOYDEN v. PHILENA WARD, *Administratrix of* AMOS S. WARD, JAMES H. PHELPS, *Trustee.*

*Probate Court. County Court. Supreme Court. Chancery. Jurisdiction. Trustee Process. Executors and Administrators. Default. Judgment. Statute.*

Some of the provisions of the probate laws, and the jurisdiction of probate courts in the settlement of estates, also the jurisdiction of the county court, the supreme court and the court of chancery in matters pertaining to the same subject, referred to.

Boyden *v.* Adm'x of Ward & Tr.

Section 57 of chapter 53 of the General Statutes, providing for a remedy against the estates of deceased persons in case no commissioners are appointed, does not authorize the prosecution of a claim barred by proceedings in the probate court, nor of a claim against the executor or administrator who has fully administered upon the estate, nor against the heirs, devisees or legatees who have received no part of the real or personal estate of the deceased.

An inventory of an estate of an intestate, by a committee duly appointed to appraise the same, and certified under oath, is legitimate evidence upon which the probate court may determine the question of assignment to the widow or minor children for their support.

Where there is no appeal from the decree of a probate court, by which the estate of an intestate is assigned to his widow or children, the decree becomes binding to the same extent as any other judgment, and cannot be impeached collaterally.

The estate of the defendant's intestate, W., was appraised at less than $300. by a duly appointed committee, and was assigned to the defendant, who was the widow of the intestate, and administratrix of his estate, for the support of herself and children, subject to the expense of administration and funeral charges. At the time of W.'s decease P. owed him $19.73, which was not included in the inventory or assignment. No commissioners were appointed, and after the assignment and before the time of administration expired, the plaintiff commenced a suit against the administratrix upon a claim which accrued in the lifetime of the intestate, and summoned P. as trustee, and obtained judgment, before the justice court, by default against the defendant. P. appeared and was adjudged trustee and appealed. *Held,* 1st, that the plaintiff's claim, at the time the suit was commenced, was barred by the proceedings in the probate court; 2d, that the administratrix, at that time, was not liable to the creditors of the estate.

An appointment of commissioners before the assignment, could not affect the right to make the assignment.

The assignment did not extinguish the widow's authority as administratrix. It would still be her duty to administer upon the estate of the intestate not embraced in the assignment, which should come into her hands or to her knowledge.

The mere neglect of the administratrix to inventory the choses in action, or to account for them in the settlement of her administration account, had she made the settlement, would not give a common law court original jurisdiction in the premises. The jurisdiction would still be in the probate court.

If the debt against P. was a part of the estate which the probate court could not assign to the widow, and was assets in the hands of the administratrix for distribution among the creditors, the plaintiff would only be entitled to his dividend with the other creditors of the estate, under the direction of the probate court.

The judgment by default against the administratrix was not a judgment against the estate of W. Nor did it perfect the right of the plaintiff to hold the debt against P. by the trustee process.

Goods, effects and credits are attachable by trustee process only when they belong to the principal defendant in his own right; and the estate of an intestate or tes-

Boyden *v.* Adm'x of Ward & Tr.

tator in the hands of the administrator or executor is trust property which the latter holds as trustee only, therefore in order to hold a debt due such estate by trustee process, it must be a case where, under the statute, the claim against the estate may be sued in the common law court, and the estate properly made principal defendant. It is held in this case that the estate of the intestate was not principal defendant.

It is not decided whether by reason of the neglect of the administratrix to defend the suit, the judgment is valid against her personally.

TRUSTEE PROCESS. The court rendered judgment at the September Term, 1865, on the disclosure of the trustee, that he was chargeable as trustee for the sum of $17.73, and costs, to which the trustee excepted. The disclosure of the trustee and the facts in the case are stated in the opinion of the court.

*J. H. Phelps* and *A. Stoddard*, for the trustee.

In this case the whole inventory of the estate of the deceased debtor had been assigned to his widow, and the time allowed the administratrix for payment of the debts had not expired before the commencement of the action.

. I. No lien was created by the attachment. 1st. When a debtor leaves a widow or children surviving him, the debts of creditors are made subordinate to the payment of certain assignments which the probate court is directed to make to the widow and children. One of these assignments is that of a sum not exceeding three hundred dollars. G. S. p. 384, § 1, p. 385 ; "fifth," p.400, § 2. 2d. A creditor does not retain his right to attach the property of his debtor until ousted thereof by the appointment of commissioners. In the case at bar it was the duty of the probate court *not* to appoint commissioners ; and the creditor is claiming the enforcement of a rule which will deprive Ward's widow and children of their right to ask for the assignment to them of at least three hundred dollars. G. S. p. 400 § 1. 3d. When the suit was brought the plaintiff's claim was barred by the record of the probate court. G. S. p. 400, § 1. This bar can only be removed by such proceedings in that tribunal as will make it appear of record that such court has a further duty to discharge to Ward's widow and children, and to his creditors. 4th. The writ of attachment in this case, if at all, could not be issued during the time allowed for payment of the debts. G. S. p. 408, § 57, *proviso.*

II. If no lien has been created by the attachment, it is good

ground for the discharge of the trustee, even though the principal debtor make no such claim. *Clark* v. *Averill*, Trustee of Taylor, 31 Vt. 512.

*Butler & Wheeler*, for the plaintiff.

I. No commissioners having been appointed on the estate of the defendant's intestate, the plaintiff could commence and sustain this action. G. S. pp. 391, § 12; 401, § 15; 402, §. 16; 408, § 57.

II. If there were any irregularities in bringing the suit, no objections having been made on account of them by the principal defendant, they have all been waived.

III. All the parties having appeared and final judgment having been rendered against the principal defendant, the only question the trustee can litigate is whether he has goods, effects or credits of the principal defendant intrusted or deposited in his hands. G. S. p. 305, § 2.

The judgment rendered on that question will be a sufficient protection for him. G. S. p. 314, § 57.

The opinion of the court was delivered by

WILSON, J. It appears that Amos S. Ward died in June, 1865, leaving the defendant Philena, his widow; that on the 27th day of June, 1865, letters of administration were duly granted to the defendant to administer upon the estate of her intestate; that the usual bond was given by her among other things to return an inventory of the estate within three months, and to settle her administration account within one year. The probate court appointed a committee to appraise the estate and gave the administratrix one year from the 27th of June, 1865, to pay the debts against the estate. On the 3d day of July, 1865, the defendant as administratrix caused to be returned to the probate court an inventory and appraisal of the estate of Ward, amounting to the sum of two hundred and eighty-six dollars, and on the same day the probate court, by decree, assigned to the defendant, Philena Ward, the whole of the property named in the inventory, for the support of herself and children, subject to the expenses of administration and funeral charges. It further appears that Phelps, at the time of the decease of Amos S. Ward, was indebted to him in the sum of nineteen dollars and seventy-three cents,

upon book account, but the claim against Phelps was not included in the inventory, nor in the assignment.

No commissioners of claims were appointed upon the estate, and after the assignment, within three months from the day on which letters of administration were granted to the defendant, the plaintiff commenced this suit against the administratrix upon a claim which accrued in the lifetime of the intestate, and summoned Phelps as trustee. It further appears that the plaintiff, before the justice court, obtained judgment by default against the defendant; that Phelps appeared, made his disclosure, and was adjudged trustee, from which judgment he appealed.

The important inquiry is whether Phelps is liable as trustee of the administratrix Philena Ward; and as the decision of the question depends almost entirely upon our probate laws, I will first consider some of their provisions, and the jurisdiction of probate courts in the settlement of estates, and then proceed to examine the main question in the case. Section 12 of chapter 48 of the General Statutes provides that, " the probate court shall have jurisdiction of the probate of wills, of the settlement of testate and intestate estates, of the appointment of guardians, and of the powers, duties and rights of guardians and wards." The law in this state is well settled by a long and uniform course of decisions, that courts of probate have the exclusive jurisdiction of matters coming properly within their cognizance; and our probate laws give the entire jurisdiction of the settlement of estates to the probate courts, in the same manner and to the same extent that the jurisdiction of other matters of contract or tort *inter vivos* is given to the common law courts. *Adams* v. *Adams*, 22 Vt. 50.

Section 28 of the same chapter provides that the county court shall have appellate jurisdiction of all matters originally within the jurisdiction of the probate court; but the jurisdiction of the county court, as an appellate court in the probate matters, is measured only by the extent of the jurisdiction of the probate court. It is an appellate court for the rehearing and re-examination of all subjects which have been acted upon in the court below. *Adams* v. *Adams*, 21 Vt. 162.

The supreme court have jurisdiction of all questions of law, arising in the course of the proceedings in the county court, in probate matters, in the same manner as provided by law in other cases. Sec 29 *ib.* But the supreme court have no general jurisdiction in probate matters to rehear and determine them upon their merits. This court sits merely as a court of error, the same as in cases at common law. *Holmes* v. *Estate of Holmes*, 26 Vt. 536.

And the jurisdiction of the probate court in the settlement of estates is so exclusive that even the court of chancery do not interfere generally, and when that court have interfered in the settlement of estates it has been merely in aid of the probate court, and where it was not in the power of the latter to administer the same justice which could be done in a court of equity; and although the court of chancery retains its ancillary jurisdiction to the same extent over matters in the probate court which it has over those in the common law courts, its concurrent jurisdiction in the settlement of estates is limited and seldom exercised. *Adams* v. *Adams*, 22 Vt. 50.

It is worthy of remark that our statutes have provided in the probate court a summary, expeditious, cheap and uniform mode of proceeding for the proof, adjustment and allowance of claims against the estates of deceased persons, and of claims in set-off thereto, and the policy of the law excludes the original jurisdiction of common law courts except in the few cases excepted by the statute. If claimants were in the first instance required to resort to common law courts, and to incur the expense of such court to establish their claims against the estate, without the right to recover costs, it would in many cases result in total loss of the claims; while on the other hand if the costs of trial in common law courts should be added to the claims when established, it might prove ruinous both to the estate and claimants.

The claim of the plaintiff accrued and became absolute in the life time of the deceased, and it was a proper claim to be adjusted by commissioners. But it is urged by the plaintiff that no commissioners having been appointed, he is authorized by the statute to proceed against the administratrix and the estate of the deceased in a common law court, and he relies principally upon section 57 of chap. 53 of the

40

General Statutes. That section provides that " if the appointment of commissioners to allow claims shall in any case be omitted, no person having any contingent or other claim against the deceased person shall thereby be prevented from prosecuting the same against the executor, administrator, heirs, devisees or legatees as provided by law." That section should be so construed as to give effect to other provisions of the probate law. It by no means follows that, in every case where the appointment of commissioners is omitted, the claimant may proceed against the executor, administrator, heirs, devisees or legatees. The meaning of the section is, that the *mere* omission to appoint commissioners in a case where commissioners should be appointed shall not prevent the claimant from prosecuting his claim against the executor or administrator, but the section can not, by any reasonable interpretation of it, authorize the prosecution of a claim barred by proceedings in the probate court, nor the prosecution of a claim against the executor or administrator who has fully administered upon the estate, nor against the heirs, devisees or legatees who have received no part of the real or personal estate of the deceased. It appears that, prior to the commencement of this suit, the committee appointed by the probate court to appraise the estate, made return of their appraisal to the probate court, and the same was accepted by that court; and it does not appear that any fraud was practiced by the administratrix or committee in making the inventory or appraisal of the estate; nor does it appear that either the administratrix, committee, or probate court had, at the time of the inventory, appraisal or assignment, any knowledge or information in respect to the claim against Phelps. The fourth clause in section one of chapter fifty-one of the General Statutes provides that, " if on the return of the inventory of any intestate estate, it shall appear that the value of the whole estate both real and personal does not exceed the sum of three hundred dollars, the probate court may, by a decree for that purpose, assign for the use and support of the widow and children of such intestate, or for the support of the children under seven years of age, if there be no widow, the whole of such estate, after the payment of the funeral charges and expenses of administration." The case shows that on the return of the inventory it appeared that the value of the whole estate, both

personal and real, did not exceed the sum of three hundred dollars. The value of the whole estate, as set forth in the inventory, was certified under oath by officers duly appointed by the probate court. It does not appear that there was before that court, any testimony tending to impeach the inventory, and it was legitimate evidence upon which the probate court might determine the question of assignment, and in some cases the inventory might be the only evidence upon which the right to make an assignment could be decided. The decree of the probate court, by which the estate of Amos S. Ward was assigned to his widow and children, was authorized by and made in pursuance of the provisions of the statute. It was a decree from which any person interested in the estate might have taken an appeal ; and the plaintiff, if he desired to raise any question as to the validity of the decree, should have carried the case by appeal into the county court where it would have been revised upon its original merits, in the same manner and to the same extent as in the probate court. But there being no appeal taken, the decree became binding to the same extent as any other judgment, and it can not be impeached collaterally. *Richardson Admr.* v. *Estate of Merrill.* Section one of chapter fifty-three of the General Statutes provides that where the value of the whole estate shall not exceed three hundred dollars and shall be assigned for the support of the widow and children, it shall not be the duty of the probate court to appoint commissioners. And the same section provides that " *in which case such an assignment shall be deemed a full and final administration and a bar to all claims against the estate.*" By force of the assignment the property therein named vested in the defendant and her children. She had apparently at least fully administered upon the estate and the claims against the estate were barred by the assignment. The estate in respect to every thing then before the probate court, was as fully and finally settled as if commissioners had been appointed ; and it is clear that at the time this suit was commenced the case was not within the letter or spirit of section 57, where the right to commence and prosecute a suit against the administrator is given in case the appointment of commissioners is omitted. Suppose the probate court, prior to the inventory and appraisal, upon the supposition that the estate would exceed three hundred dollars, had appointed commissioners,

what benefit could the plaintiff or any other creditor of the estate have derived from such appointment ? It would not, I think, be insisted that such appointment, prematurely made, could in any manner affect the right to make the assignment, and it is clear that the commissioners, after the assignment was made, could not act in the premises, unless by further order of the probate court, upon the discovery of estate of the deceased not embraced in the assignment. But the assignment to the widow and children did not extinguish her authority as administratrix. It would still be her duty to administer upon the estate of the intestate, not embraced in the assignment, which should come into her hands or to her knowledge, at any time while she had authority to act as the legal representative of the estate. Section one chapter fifty-two General Statutes. It is urged by the plaintiff's counsel, among other grounds upon which he seeks to sustain this proceeding that the administratrix wholly neglected to inventory, or return to the probate court the debt against Phelps, and that she did not account for it in the settlement of her administration account. Section one of chapter fifty-four of the General Statutes provides that every administrator shall be chargeable in his account with the whole of the goods, chattels, rights and credits of the deceased which may come into his possession. The making an inventory and appraisal of the choses in action is of no importance ; it is seldom done in the probate court. The usual practice is for the administrator to return to the probate court a list of the choses in action, and to account for the amount collected upon each, holding those not collected subject to the order of the probate court. *Adams* v. *Adams*, 22 Vt. 50. The choses in action in favor of an estate, (not adjusted by the commissioners) who are debtors to the estate, the collections made thereon, and the final disposition by the probate court, of such as are not collected by the administrator, usually appear in the administration account. Whether the administratrix in this case was informed of the Phelps debt, and has or will render an account of it within the time limited by the probate court, does not appear and is not important in the decision of this case. The case shows that the Phelps debt was not included in the inventory, nor assigned to the widow, which facts are not inconsistent with the presumption that she has accounted, or will account for the debt in

due course of her administration upon the estate. But the mere neglect of the administratrix to inventory the choses in action, or to account for them in the settlement of her administration account, would not give a common law court original jurisdiction in the premises. It would be a matter wholly within the jurisdiction of the probate court, and the judgment of that court upon the administration account would be final if no appeal be taken, and if that judgment were set aside, it would still be a matter exclusively within the jurisdiction of that court and could with no propriety be originally brought into a common law court. Whether the value of the whole estate including the debt against Phelps exceeded three hundred dollars, depended to some extent upon the value of the Phelps debt, and it was a question within the original and exclusive jurisdiction of the probate court. Whether that court would, if the debt against Phelps had been represented, have assigned it, together with the other estate, for the benefit of the widow and children, or whether that court will, in the exercise of its discretion, assign it to them, are questions not before this court. But suppose the debt against Phelps was a part of the estate which the probate court could not assign to the widow, and that it was assets in the hands of the administratrix for distribution among the creditors, then how would the matter stand? Would the plaintiff, as matter of law, be entitled to the exclusive right to the proceeds of that claim to the extent of his debt? We think not. The probate court neither forfeited nor surrendered its jurisdiction over that part of the estate not embraced in the assignment; it remained to be disposed of by that court as provided by law. The plaintiff would only be entitled to his dividend with the other creditors of the estate. The administratrix was allowed one year for the payment of the debts against the estate, which time had not expired when this suit was commenced. Upon what principle of law the plaintiff claimed to maintain this action against the administratrix is not apparent, but it does appear that judgment by default was rendered against her, and the question of her liability to be sued at that time by the creditors for their debts was not raised by her; and it is not important to consider that judgment, nor its effect, except so far as it is made the foundation of the proceedings against the supposed trustee. In the case of

the *Bank of Orange County* v. *Kidder et al.*, it was decided that ex-
ecutors and administrators are not liable to the creditors for their
debts against the estate until after a decree has been made by the
probate court for the distribution of the assets among the creditors,
and the expiration of the time limited for payment. 20 Vt. 519.
In the case of the *Probate Court* v. *Chapin et al.*, 31 Vt. 373,
the same general principle is laid down—that there must first
be a decree of the probate court, that it can not be known what
amount the creditor is entitled to receive out of the estate, or whether
he is entitled to recover anything, until the estate has been settled,
the amount of claims and assets and expenses of administration all
ascertained; and the jurisdiction to do all this is exclusively within
the probate court, and it can not be done by any other court. The
creditors must pursue their claims in the probate court until the
extent of the administrator's liability is fixed by a decree of that
court, and then, as the probate court can not issue any execution to
enforce its judgments, the creditors may resort to the common law
courts to enforce them by action on the administrator's bond, or by
such other proceedings as the circumstances of the case require. It
is obvious under our statute, upon the authority of well considered
cases, and upon principle, 1st, that the plaintiff's claim, at the time
the suit was commenced, was barred by the proceedings in the pro-
bate court; 2d, that the administratrix, at that time, was not liable
to the creditors of the estate. What then is the effect of the judg-
ment against her? Without deciding whether, by reason of the neg-
lect of the administratrix to defend the suit, the judgment is valid as
against her personally, we think it is not a judgment against the es-
tate of Amos S. Ward. To hold that the neglect of the defendant
to defend the suit, or that the judgment against her under such cir-
cumstances, gave jurisdiction to a common law court, or laid the
foundation for a diversion of the funds of the estate from the juris-
diction of the probate court, and from equal distribution among
creditors would be inequitable, and would violate the obvious mean-
ing of our statutes and render the probate court powerless in the set-
tlement of estates.

It is urged by the plaintiff that his final judgment in the case
against the defendant, has perfected his right to hold the debt against

Phelps, by the trustee process. The right of attachment by the trustee process in this state, depends entirely upon the provisions of our statute. Section two of chapter thirty-four of the General Statutes provides that, " every person having goods, effects or credits of the *principal defendant*, intrusted or deposited in his hands or possession, or which shall come into his hands or possession after the service of the writ and before disclosure is made, may be summoned as a trustee ; and such goods, effects and credits shall thereby be attached, and held to respond the final judgment in the suit." It appears from the disclosure of Phelps that the defendant's relation to the Phelps debt is only that of trustee of trust property. Trust property is not liable to attachment for the debts of the trustee ; and this rule applies to property, both real and personal, in the hands of an executor or administrator, whether coming from the testator or intestate or from the collection of debts, or other assets belonging to the estate. And if the trustee should himself dispose of the trust property in a manner not justified by the trust, a court of equity would aid the *cestui que trust* to recover it. *Williams, Ex'r* v. *Fullerton*, 20 Vt. 346. In order to make a valid attachment by the trustee process, the goods, effects or credits " *of the principal defendant* " intrusted or deposited in the hands or possession of the trustee, must belong to the *principal defendant in his own right*, and in this case we hold the estate is not principal defendant. The claim against Phelps is a debt due from him to the estate of Amos S. Ward ; and it does not appear that Phelps has in his hands or possession any goods, effects or credits of the principal defendant, within the meaning of the trustee act. The estate of Ward, (not embraced in the assignment) is trust property, in the hands and under the control of the defendant as administratrix of his estate, for the use and benefit of the persons entitled to the same, in the order provided for the distribution of intestate estates. The creditors of the estates of deceased persons are classified by our statute, and if the assets are not sufficient to pay the debts in full, they are to be paid in the order named in the statute, and no creditor of any class is entitled to receive any payment until all those of the preceding class shall be fully paid.

The judgment obtained by the plaintiff against the defendant has not changed or affected the relation of the defendant to the Phelps

---

debt, nor to any other assets belonging to the estate, nor does that judgment in any manner affect the rights of other creditors or persons intrusted in the estate. If the administratrix should sue Phelps to recover the debt, upon what principle of law or equity could he defend upon the ground that he had paid it to this plaintiff ?  We think it is clear that the proceedings in this suit against Phelps created no lien upon the debt due from him to the estate of Amos S. Ward.

The judgment of the county court is reversed and Phelps is discharged with costs.