BELLOWS *v.* SOWLES *et al.*

*(Circuit Court, D. Vermont.  October 25, 1892.)*

EQUITY—PARTIES—BILL TO RECOVER LEGACY.
   A legatee under a will brought a bill against the executor and against the receiver of a bank to reach property of the testator held by the bank, and moved that other legatees of the same amount be made parties.  *Held*, that there was no ground for compelling the other legatees to become parties to the suit, for, though they claimed in the same right, they did not claim the same trust property, but merely their separate shares in the avails of it, if any, after the assets had been collected and distributed in some way by decree of the probate court.

In Equity.   Suit by Frederick Bellows against Edward A. Sowles, as executor of the wills of Hiram and Susan Bellows, and against Chester W. Witters, as receiver of the First National Bank of St. Albans.   Motion by complainant for an order of court making Charles Bellows and Bert Bellows parties to the suit.   Denied.

*Chester W. Witters, pro se.*

WHEELER, District Judge.   The orator and his brothers, Charles and Bert, are alleged to be legatees of $2,000 each in the wills of Hiram and Susan Bellows, of which the defendant Sowles is executor.   He has brought this suit in behalf of himself and all others in like interest who will join him in it, to reach real and personal estate which was of the testators acquired by the First National ·Bank of St. Albans, of which the defendant Witters is receiver.   They have not ·joined in the suit, and this defendant moves that they be made parties, as claimants of the same property, by order of court.   But these legatees are not claimants of the same property.   Each claims a separate legacy of $2,000 in money.   In this state, jurisdiction of distribution of estates of deceased persons is vested exclusively in the probate courts.   The equity jurisdiction of this court cannot be restrained by statutes of the state.   *Wayman* v. *Southard,* 10 Wheat. 1; *Beers* v. *Haughton,* 9 Pet. 329.   But the rights of the parties are to be ascertained by the laws of the state.   The legacies are not made chargeable upon any of the property, and neither of the legatees is entitled to a decree against the receiver merely because the legacies are unpaid, and he has assets of the estates.   The assets must be got together, and be distributed by decree under the will in some way, before either will be entitled to them.   *Boyden* v. *Ward,* 38 Vt. 628.   The legatees claim in the same right, but that is not enough to warrant forcing either to become a party to a suit of the other.   They do not claim the same trust property in litigation before the court, but merely their · separate shares in the avails of it, if any.   No ground appears for compelling them to become parties to another's suit.   Motion denied.