NEWTON M. BATCHELDER v. ALVIN A. WHITE'S ADMR.

Appointed Special Term at Brattleboro, February, 1909.

Present: ROWELL, C. J., MUNSON, WATSON, and POWERS, JJ.

Opinion filed March 5, 1909.

*Executors and Administrators—Probate Court—Allowance of Claims—"Claims"—"Demands"—Method of Presentation —"Present"—"Exhibit"—Sufficiency of Presentation— Failure to Report on Claim Presented—Creditor's Right to Relief—Probate Judgment of Disallowance—Whether Bar to Equitable Relief.*

The words "claims" and "demands" mean the same thing in P. S. 2814, providing for the appointment of commissioners to receive and adjust claims against a decedent's estate, in P. S. 2820, giving the probate court power to limit the time for presenting claims, and in P. S. 2824, providing that one who fails to exhibit his claim shall be barred from recovering such demand.

No particular formalities are required to constitute a sufficient presentation of a claim to the commissioners on a decedent's estate, and the word "present" as used in P. S. 2820, and "exhibit" as used in P. S. 2824, as indicating how a claimant shall get his claim before such commissioners for allowance, are synonymous.

The payee and owner of a promissory note given by a decedent sent to the commissioners of the estate a statement of the note, which was received by them during the life of their commissioner, to the effect that the amount due on a note of decedent in favor of said payee was as shown by the statement, which also recited the amount of the note, amount of a payment thereon, and the interest due. *Held*, that the note was sufficiently presented.

Where commissioners of a decedent's estate failed either to allow or disallow a claim duly presented, and neglected to mention it in their report to the probate court, and the claimant, without legal fault, did not discover the failure until the statutory remedies had

expired, he is entitled to relief in equity, notwithstanding the fact that he first made to the probate court an unsuccessful application for relief.

APPEAL IN CHANCERY.   Heard on the pleadings and evidence taken before the Chancellor, at the April Term, 1909, Windham County, *Haselton,* Chancellor.   Decree that the bill be dismissed with costs.   The orator appealed.   The opinion states the case.

*Herbert G. Barber* and *Frank E. Barber* for the orators.

The claim was sufficiently presented.   A claim as defined by Bouvier in his Law Dictionary, is the assertion of a liability to the party making it to do some service or pay a sum of money. In its ordinary sense, a claim imports the assertion, demand or challenge, of something as a right, or it means a thing thus demanded or challenged.   *Prigg* v. *Penn.,* 16 Peters U. S. Rep. 539; *Noyes* v. *Hall,* 28 Vt. 645; *Bliss* v. *Little's Admr.,* 63 Vt. 86.   It is clearly within the province of a court of equity to protect the orator from his impending loss.   Accident is the basis of one of the oldest heads of equity jurisdiction, and it is a proper exercise of its function to grant the orator the relief prayed for.   2 Pom. Eq. Jur. §§823-824.   *Dickey* v. *Corliss,* 41 Vt. 127; *Sleeper* v. *Gould's Estate,* 53 Vt. 111; *Bradford* v. *Brooks, et al.,* 2 Aiken 284.

*F. D. E. Stowe* for the defendant.

There is no fraud, no mistake, no accident, but there was failure to present the note claim properly, and laches in discovering what had been done.   *Hyde* v. *Hyde, et al.,* 50 Vt. 301; *Bishop* v. *Allen,* 55 Vt. 423.

POWERS, J.   When Alvin H. White, late of Newfane, was alive, he owed the orator a promissory note and a small balance on open account.   Commissioners on White's estate were duly appointed, and the orator, acting through a relative living at Newfane, seasonably sent to them a statement of the book account, and the following statement of the note:

"Newfane, Vt., December 14, 1905.

Commissioners A. H. White Estate:

The amount due on note of Alvin H. White in favor of N. M. Batchelder is as per statement rendered below:

Dated August 25, 1898, face .........$207.59
Payment, August 16, 1904 ..........   1.00

                                     $206.59
Interest (simple) ..................  86.94
Interest (annual) ..................  15.75

                                     $309.28
                  Yours, etc.,
                              F. A. DeWitt."

These statements were received by the commissioners during the life of their commission, and it is apparent that they understood that they were expected to act upon them as regularly presented claims, for they allowed the book account, and made return thereof as required by law. They kept the statement of the note, but took no action upon it, and omitted all reference to it in their report. The orator supposed that the note had been allowed, and made no further move in the matter until his statutory remedies had expired;—though he made an unsuccessful application for relief to the probate court before he brought this bill.

Under our statute, commissioners have jurisdiction to adjust "claims" and "demands." P. S. 2814. It is apparent that these terms mean the same thing, for P. S. 2820 speaks only of "claims," and P. S. 2824 provides that one who fails to exhibit his "claim" shall be barred from recovering "such demand." The "claim" here involved was the thing demanded; the "thing demanded" was the *debt* represented and evidenced by the note. So the claim was properly represented before the commissioners by the statement above recited.

P. S. 2820 indicates that a creditor is to "present" his claim; P. S. 2824, that he is to "exhibit" it. So these are convertible terms used to indicate how a creditor is to get his claim before the commissioners for allowance. No particular formalities are required by the statute to constitute a sufficient presentation of the claim. And properly so, for it is of first importance that

the procedure before the commissioners shall be simple, plain and expeditious. Without attempting to lay down a general rule, we hold that this note was sufficiently presented as a claim, since the statement notified the commissioners that such a debt existed against the estate, gave them sufficient information as to the nature and amount thereof to enable them to act intelligently thereon, and was brought to them in such circumstances. as to show that the creditor was seeking to charge the estate with its payment. Of course there was no legal evidence before the commissioners to support the claim; but that was important, not on the question whether or not the commissioners should act at all, but only on the question of what their action should be. It was as much the duty of the commissioners to act upon the claim—to allow or disallow it—as it would have been had the note itself been presented.

This being so, the case comes within the holding in *Dickey* v. *Corliss,* 41 Vt. 127; for the orator was without legal fault, and his mistaken application to the probate court should not bar him here.

*Decree reversed and cause remanded with mandate that a decree pass for the orator according to the prayer of the bill, with costs, both here and in the court below.*