IN RE ELIZABETH A. HAYES'S ESTATE.

January Term, 1916.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, AND TAYLOR, JJ.

Opinion filed May 26, 1916.

*Executors and Administrators—Claim of Administrator Against Estate—Report of Commissioners—Petition to Vacate and Recommit Report—Jurisdiction of Probate Court.*

The probate court has power, on direct application for that purpose, for cause shown, before final settlement of a decedent's estate, and where no intervening rights have ensued, to revise, vacate, or alter its decrees.

Where the life of a commission to allow and adjust claims against a decedent's estate had expired and all power to extend it was gone, the probate court had no authority to recommit to that commission its report on a claim, which report the probate court had properly vacated.

An administrator's claim against the estate that he represents must be presented to the commissioners thereon and allowed by them as other claims.

Where on review it appears that an exception was taken both to the correct action of the county court in overruling a motion to

dismiss a petition to the probate court to vacate the report of commissioners on a decedent's estate allowing a claim, and also to the affirmance of the judgment of the probate court which was in part right and in part wrong, no costs are allowed.

APPEAL from a decision of the probate court granting the petition of William C. Greenlaw, as administrator of the estate of his deceased wife and heir at law of the estate of Elizabeth A. Hayes, to vacate the report of the commissioners on the last named estate, J. H. Hayes, administrator of said estate, appellant. Heard at the June Term, 1912, Orange County, *Miles, J.*, presiding, on motion of J. H. Hayes to dismiss the petition for that neither the probate court nor the county court had jurisdiction to grant the relief sought and given. Motion overruled, the judgment of the probate court affirmed, to which the appellant excepted. The opinion states the case. This case has been once before in this Court, see 82 Vt. 92.

*March M. Wilson* for the appellant.

*N. L. Boyden* and *J. C. Sherburne* for the petitioner.

HASELTON, J. This was an appeal from the decree of the probate court, granting the relief prayed for in a petition hereinafter referred to. In county court, the defendant, Joseph H. Hayes, moved to dismiss the petition for the reason that neither the probate court nor the county court had jurisdiction to grant the relief sought and granted.

The motion to dismiss was overruled, the judgment of the probate court affirmed, and the cause certified back.

Exceptions were taken, and the cause was passed to this Court. The case has once before been here, but on account of defects in the petition, as it was then, the petition was dismissed without prejudice and without any expression as to the merits of the case. The petition is brought by the administrator of the estate of the sole heir of Elizabeth A. Hayes. The case made by the petition is, in brief, this:

Elizabeth A. Hayes, died February 22, 1900, at Randolph. The defendant, Joseph H. Hayes, was appointed administrator of her estate March 13, 1900. On the same day commissioners to allow and adjust claims against the estate were appointed.

While administrator, Joseph H. presented to the commissioners for allowance what purported to be a promissory note for $1,000, given to him by his intestate in her lifetime.

This the commissioners allowed after the expiration of their commission, and without any extension thereof, and, February 4, 1901, returned their report to the probate court, which on the same day entered up a decree thereon.

The petition further sets out that Mrs. Hayes at the time of her death was not owing Joseph H. $1,000, or any sum whatever, but that on the contrary, he was owing her a large amount.

The petition further makes averments to the effect that Joseph H. represented both himself and the estate in the proceedings before the commissioners, and that no one represented the estate of the heir of which the petitioner is and was administrator.

As to this latter allegation, the petitioner states that the heir lived in Boston, that he himself lives in Boston, that Joseph H. soon after his appointment as administrator and at different times thereafter told the petitioner that there were no debts against the estate of Mrs. Hayes except expenses of her last sickness and funeral expenses, and promised the petitioner to keep him fully informed as to the progress of the estate and the doings in respect thereto, and pretended to do so but did not, but on the contrary made misleading statements on which the petitioner relied until the Autumn of 1903, when he employed counsel and learned of the situation.

The time for an appeal had, however, then expired. Thereafter he brought his former petition already referred to, and, shortly after the dismissal of that without prejudice, brought the pending petition.

The petition charges that the $1,000 note was fraudulent, that its allowance by the commissioners was invalid, and that the decree of the probate court, rendered upon the report of the commissioners, was contrary to law and equity.

It is not denied that on the face of the petition, the petitioner is entitled to relief; but it is denied that the probate court has such authority as was prayed for and exercised in this case. It is suggested that the petitioner's remedy may be in chancery, and *Batchelder* v. *White*, 82 Vt. 132, 71 Atl. 1111, is cited in support of such suggestion. The petition after setting out the alleged facts branches into two main parts.

It prays that the decree of the probate court accepting the report of the commissioners be reopened and vacated and held for naught and of no effect; and, Joseph W. Atwood having been appointed special administrator as regards the claim of Joseph H. Hayes, the petition further prays that the probate court will recommit the report to the old commissioners or appoint new commissioners to hear and determine the matters between Joseph H. Hayes and the estate. Other prayers of the petition are not material to the case as briefed.

As to the first branch of the petition, the probate court had undoubted jurisdiction of it, and power, which it exercised, to hear evidence on notice, and to vacate and annul its former decree accepting the report of the commissioners allowing the claim of Joseph H. Hayes.

The power of the probate court, on direct application, for that purpose for cause shown, before the final settlement of an estate, to revise, vacate and alter its decrees, where no intervening rights have ensued, is well settled. This follows from its plenary jurisdiction of the subject matters committed to it. *Rix* v. *Smith*, 8 Vt. 365, 370; *Heirs of Smith* v. *Rix*, 9 Vt. 240; *Adams* v. *Adams*, 21 Vt. 162, 166, 167; *Farrar* v. *Olmstead*, 24 Vt. 123, 127; *French* v. *Winsor*, 24 Vt. 402; *Lathrop* v. *Hitchcock*, 38 Vt. 496, 498; *Boyden* v. *Ward*, 38 Vt. 628, 633; *Hotchkiss* v. *Ladd's Est.*, 62 Vt. 209, 19 Atl. 638; *Davis* v. *Eastman*, 66 Vt. 651, 30 Atl. 1; *Davis* v. *Eastman*, 68 Vt. 225, 35 Atl. 73.

But the life of the commission had expired and all power to extend it was gone when in 1912, as was the case here, the probate court sought to revivify it. Therefore the second branch of the petition, that asking for a recommittal, was something under which the court had no authority to act; and although the court ordered a recommittal its act in doing so was unauthorized. *Batchelder* v. *White*, 82 Vt. 132, 71 Atl. 1111; *Dickey* v. *Corliss*, 41 Vt. 127; *Heirs of Adams* v. *Adams*, 22 Vt. 50, 62, 67.

We mention that No. 96 of the Acts of 1915 the most recent enactment of probate law provides for a recommittal to commissioners, at any time before the settlement of an estate, for the correction of clerical errors. But we are not dealing with clerical errors, and if this statute had been in effect at all times material to this case, the disposition thereof would be unaffected.

In considering this case it is necessary to bear in mind that for a long time in this State it was not considered necessary for

an administrator who had claims against the estate to present them to the commissioners. It was considered that he might bring in his claims on his final accounting in the probate court. Note to *French* v. *Winsor,* 24 Vt. 408; *Riley* v. *McInlear's Estate,* 61 Vt. 254, 17 Atl. 729, 19 Atl. 996, dissenting opinion outlining the long prevailing practice; *Story's Admr.* v. *Hall,* 86 Vt. 31, 38, 83 Atl. 653, 40 L. R. A. (N. S.) 1136, Ann. Cas. 1915 B, 1187. But in *Riley* v. *McInlear's Estate* it was settled that if an administrator had a claim against an' estate which he represented, the claim must be presented to the commissioners and allowed by them like other claims. 61 Vt. 254, 17 Atl. 729, 19 Atl. 996.

As the case stands the judgment or decree in favor of Joseph H. Hayes stands annulled, and if he is advised that he has a valid claim his remedy must be of his own seeking.

The exception here lies not only to the correct action of the county court in overruling the motion to dismiss, but as we construe the exception, it lies also to the action of the county court in affirming the judgment of the probate court which was in part right and in part wrong. Therefore no costs are allowed.

*Judgment affirmed in part and reversed in part as herein indicated. Let the result be certified to the probate court.*