IN THE MATTER OF THE ESTATE OF WILLIAM E. DELLIGAN.
EDWARD LEAHY, ADMR., APPELLANT
BY JOSEPH DUPREY AND PHILIP DELLIGAN, HEIRS.

February Term, 1939.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed May 2, 1939.

*P. C. Warner* for the appellees (claimants).

*H. J. Holden* and *Jay Chaffee* for the appellants.

SHERBURNE, J. The report of the commissioners appointed to receive, examine and adjust claims and demands against the estate of William E. Delligan was returned to and accepted by the probate court on August 20, 1937. In this report a claim was allowed in favor of Barney Delligan and Mrs. Barney Delligan in the amount of $4,680, and a claim in favor of Mrs. Helen Turnbull in the amount of $80. On December 28, 1937, the probate court approved the final account of Edward Leahy, the administrator, and ordered the payment of claims allowed by the commissioners. On January 11, 1938, Joseph Duprey and Philip Delligan, heirs of said William E. Delligan, filed a petition in the probate court asking that the estate be opened, the report of the commissioners be recommitted, and the commission renewed. On January 15, 1938, while this petition was pending, the said Duprey and Philip Delligan took an appeal to the county court from the allowance of the administrator's account and from the order directing the payment of the claims allowed by the commissioners. This appeal was duly entered in county court and is now pending. Later, by the order of the probate court dated April 7, 1938, in which it recited that at a hearing on the aforesaid petition it was made to appear that at the time of the meeting of the commissioners to receive and act upon the claim of Mr. and Mrs. Barney Delligan for care of said William E. Delligan, neither the commissioners nor the administrator had any actual knowledge of the existence of a certain real es-

tate mortgage deed from Mr. and Mrs. Barney Delligan to said William E. Delligan "conditioned" for the support of the latter "for the duration of his natural life," and therefore that it did not come before the commissioners for their consideration, it was ordered that the report of the commissioners be committed for hearing, that the commission of the commissioners be renewed, that having been duly sworn they fix upon a time and place where they would meet, that said mortgage deed may be exhibited to them for their consideration, and that they give notice to the administrator and Barney Delligan within ten days, and as soon as may be make return of their doings. Acting upon this order the commissioners, as appears by a certified copy of their report in the files, disallowed the original claim of $4,680, and allowed another and different claim to the said Mr. and Mrs. Barney Delligan, which amounted with interest to $3,862.40, from which $850 was deducted for medical and burial expenses paid by the administrator, leaving the net amount allowed at $3,012.40. From the acceptance of this report, which was filed and accepted on June 4, 1938, the said Duprey and Philip Delligan in the name of the administrator seasonably took an appeal to the county court.

The questions presented for review are the exceptions of the claimants, Mrs. Barney Delligan, Mary Barney Delligan, Admx. of Barney Delligan's Estate, and Mrs. Helen Turnbull, to the overruling of their motion to dismiss this appeal, and to the sustaining of the appellants' demurrer to the claimants' plea to the jurisdiction.

The application for an appeal is addressed to the probate court and reads as follows:

> "Now comes Joseph Duprey of * * * * , and Philip Delligan of * * * *, being two of the heirs at law of William E. Delligan, deceased, late of * * * *, and hereby respectfully make application in the name of Edward Leahy, Administrator of the estate of said William E. Delligan, for an appeal to the County Court at * * * *, from the allowance of the report of the Commissioners of said estate which was filed in and allowed by said Probate Court on the 4th day of June, 1938. Said Joseph Duprey and Philip Delligan also show

that this application for appeal is brought by them in the name of the administrator under and in accordance with the provisions of the statutes for the reason that said Administrator has declined to appeal from the report of the commissioners aforesaid or from the allowance of same by this Honorable Court.''

Among the attached objections are the following allegations:

''1. That the said William E. Delligan in his life-time was not indebted to Mr. and Mrs. Barney Delligan in the sum of Three Thousand, Eight Hundred Sixty-two Dollars and Forty Cents ($3,-862.40), as allowed by the commissioners, nor in any other sum.

''2. That the aforesaid report of the commissioners is incomplete and invalid in as much as they have failed to include in said report all of the claims which were presented to them and because they failed to find and determine the sum which ought to be allowed in offset against the claim in favor of Mrs. Helen Turnbull which was included in the report of the said commissioners previously filed.

''4. * * * * The appellant further says [referring to the claim of Mr. and Mrs. Delligan] that even if the circumstances referred to were such as to have given rise to any such obligation as claimed, that no action thereon can now be maintained for the reason that it would have long since been barred by the statutes of limitations.

''5. The appellant denies that any contract or circumstances existed by which said decedent became liable to the said claimants; and deny any and all liability of the said deceased or his estate to said claimants Mr. and Mrs. Barney Delligan; * * * * .''

The record of the allowance of the appeal, so far as material here, recites as follows:

''Whereas Joseph Duprey of * * * * and Philip Delligan of * * * *, heirs at law of William E. Delligan, late of * * * *, deceased, have this day

filed in court, in the name of Edward Leahy, Administrator, a written application for appeal to the County Court, * * * *, from the report of the commissioners filed June 4, 1938, in which a claim for more than $20 was allowed; and alleging that the Administrator of the estate of said deceased has declined to appeal from the report of the commissioners, and from the order of this court approving the same; and whereas the said Joseph Duprey and Philip Delligan have given bond to said Probate Court with sufficient sureties to the satisfaction of said court, conditioned to prosecute said appeal to effect and to pay all intervening damages and costs occasioned thereby, and also to secure the estate of said deceased from all damages and costs on account thereof; and whereas * * * *.''

In their brief the claimants summarize their lengthy motion to dismiss as attacking the record of the allowance of the appeal on the following four grounds:

"1. The record showing the appeal to have been granted solely upon the allegation in the application for appeal that the administrator had declined to appeal without showing in the record of allowance of appeal that the probate court had found this as a fact.

"2. That the appeal was granted solely upon a statement in the application for appeal that the appellants were heirs at law of the deceased, there being no statement in the record of allowance of appeal that the appellants were in fact heirs at law, nor any finding of their relationship to the deceased, nor any finding that they were parties interested in the estate.

"3. That in neither the record of allowance of appeal nor in the application for appeal was there any statement or finding as a fact that a claim was allowed in favor of the Delligans, or the claimant, Mrs. Helen Turnbull, nor that the claim allowed or a portion of the claim allowed brought it within the section (P. L. 3006) permitting an appeal by anyone.

"4. That the record of allowance of appeal fails to show a bond given in accordance with

> P. L. 3012 in that it fails to show that it was conditioned to secure intervening costs and damages to the adverse parties or to whom it 'was given to secure such intervening costs and damages.''

The applicable sections of the Public Laws governing appeals from the probate court read as follows:

> Sec. 3006. ''An executor, administrator or creditor may appeal from the decision and report of the commissioners to the county court, if application is made for such appeal, in writing, * * * * in the following cases: * * * * II. When the commissioners allow a claim in whole or in part, and the sum allowed, being objected to, amounts to twenty dollars, the party against whom the claim is allowed may appeal.''
>
> Sec. 3009. ''* * * * if the person, against whom the claim is allowed, appeals, he shall at the time of filing his application, file in the register's office his objections to such claim in writing; * * * *''
>
> Sec. 3012. ''When an executor or administrator declines to appeal from the decision of the commissioners, a person interested in the estate as creditor, devisee, legatee or heir may appeal from such decision as the executor or administrator might have done and the same proceedings shall be had in the name of the executor or administrator; but the person so appealing shall, before the appeal is allowed, give a bond to secure the estate from damages and costs and to secure the intervening damages and costs to the adverse party.''

██ The questions raised by the motion to dismiss must be determined on what appears of record. *Flory v. Flory's Estate*, 98 Vt. 251, 127 Atl. 369. Unless the record shows that the provisions of the statute literally construed have been complied with in the respects attacked by the motion the appeal must be dismissed, *Admr. of Gilbert's Estate* v. *Admr. of Howe's Estate*, 47 Vt. 402, 406, unless the true facts justify a remand to the county court to afford the appellant an opportunity to

procure and file an amended record. *Whitcomb* v. *Davenport's Estate,* 63 Vt. 656, 22 Atl. 723.

■■ In these proceedings in the probate court there is no nicety of form. If the substantial object of the appeal appears, it is enough; and as the statute requires that the appellant shall, at the time of filing his application for the appeal, also file his objections to the claim in writing, it is obvious that the appellee is expected to refer to the objections as showing the reasons and grounds of the appeal. The application for appeal and the objections should be construed together. *Robinson* v. *Exrs. of Robinson,* 32 Vt. 738.

■■ We have no difficulty with the first two grounds of the motion. We can assume that the probate court accepted the allegations of the application for appeal as true. In its order it calls the appellants heirs. If the administrator had not declined to appeal he would doubtless have appealed in person. There need be no finding as to the relationship as the term "heirs" means those who would be entitled, under the statutes of distribution, to take the intestate property of the deceased. *In re Irish's Will,* 89 Vt. 56, 59, 94 Atl. 173; *In re Peck's Estate,* 96 Vt. 183, 188, 118 Atl. 527; *In re Henry's Will,* 99 Vt. 437, 441, 134 Atl. 632, 49 A. L. R. 169; *In re Carter's Will,* 99 Vt. 480, 485, 134 Atl. 581, 61 A. L. R. 1005. The original motion does not raise the point briefed that there was no finding that the appellants were parties interested in the estate, but in the absence of any showing that the deceased left a will or other reason why the heirs will not share in the avails of the estate, the fact that they are heirs shows *prima facie* that they are parties interested in the estate.

■ Upon the third ground the appeal must be dismissed as to Mrs. Helen Turnbull, as neither the application for appeal nor the objections show anything about her claim, nor the amount which the appellants claim should be offset against it. Compliance with the statute requires that at least twenty dollars of the sum allowed must be objected to. Moreover, referring to the order reopening the commission, it does not appear that Mrs. Turnbull's claim was resubmitted to the commissioners, and so it is doubtful if they had power further to consider it or any offset thereto.

■■ Although the application for appeal and the objec-

304

tions are drawn very loosely, we think that, construing them together, it clearly appears that the claim of Mr. and Mrs. Barney Delligan was allowed at $3,862.40 by the commissioners and that the entire claim, which is more than twenty dollars, is objected to. So as to these claimants the appeal is sufficient as against this objection.

The fourth ground of objection points out a fatal defect in the record relative to the bond given by the appellants. The record does not show that the bond secures the intervening damages and costs to the adverse parties, who are here the claimants, pursuant to P. L. 3012. See *Arnold* v. *Estate of Brooks*, 36 Vt. 204. However, the files in this case contain a certified copy of the appeal bond. From this it appears that the bond was also conditioned to ''pay all intervening damages and costs occasioned by said appeal to the claimants, or to either or any of the claimants who have presented claims to the commissioners of said estate.'' Although we suggest the propriety of naming the adverse parties in such a bond, yet we think that they are sufficiently identified under the name of claimants, and that the bond as given complies with the statute. The result is that we will remand the case to enable a corrected record to be procured and filed.

The plea to the jurisdiction sets forth many of the facts related at the beginning of this opinion, and insists that, pending the appeal to the county court from the allowance of the administrator's account and from the order directing the payment of debts allowed by the commissioners, the probate court was without jurisdiction to recommit the report of the commissioners for a new hearing upon the claim of Mr. and Mrs. Barney Delligan. The original petition to the probate court to recommit the report of the commissioners is not incorporated into the plea, but apparently the probate court acted under the provisions of P. L. 2843, which reads as follows:

''The probate court may order a report of commissioners recommitted for hearing any time before final distribution and settlement of a deceased person's estate, when it appears by petition in writing, verified by oath, of a party in interest that an error has been made in such report. The commissioners shall give written notice to the executor

or administrator of the estate, the petitioner and such other parties as the probate court directs, within ten days from the date of the order of recommittal, of the time and place of hearing upon the petition, make proper corrections and return their report to the probate court within five days after hearing thereon.''

 This section is derived from No. 96 of the Acts of 1915, and reads substantially as there except for the omission of the word ''clerical'' before the word ''error.'' This amendment was made in the revision of the statutes in 1917, G. L. 3299, shortly after the decision was handed down in *In re Hayes' Estate*, 90 Vt. 286, 98 Atl. 45. That case presented a situation in some respects similar to this one. It was there held that the probate court had power to reopen and vacate its decree accepting the report of the commissioners under the general rule that that court has power, on direct application for that purpose, for cause shown, before the final settlement of an estate, to revise, vacate and alter its decrees, where no intervening rights have ensued. This follows from its plenary jurisdiction of the subject matters committed to it. But it was there held that after the life of the commission had expired and all power to extend it gone, the probate court had no authority to recommit the report to hear and determine matters between the claimant and the estate, as it had done before the enactment of No. 96 of the Acts of 1915, and that that act, had it been in force, would not have availed such a purpose because limited to the correction of ''clerical errors.'' We think that by the amendment in the General Laws, made so soon after the decision of that case, the Legislature intended to provide for a rehearing of a claim previously allowed, and it only remains to consider the effect, if any, that the pending appeal from the allowance of the administrator's account and from the order directing the payment of debts allowed by the commissioners has upon the power of the probate court to make this order recommitting the commissioner's report.

 The county courts sit in probate appeals as a higher probate court with power to try the identical matter involved in the subject of the appeal, and not to revise the errors of the probate court merely. *Adams* v. *Adams' Estate*, 21 Vt. 162, 166;

*Clark, Admr.* v. *Clark's Heirs,* 21 Vt. 490, 494; *Boyden* v. *Ward's Estate,* 38 Vt. 628, 632; *Parkhurst* v. *Healy's Estate,* 97 Vt. 295, 122 Atl. 895; *Everett* v. *Wing,* 103 Vt. 488, 493, 156 Atl. 393, and additional cases there cited.

It is apparent from our statutes that an appeal from the probate court takes up only the particular matter appealed from, and that the probate court retains jurisdiction of all other matters. Thus under P. L. 2796, where there is a delay in granting letters testamentary occasioned by an appeal from the allowance or disallowance of a will, or from other cause, a special administrator may be appointed to take charge of the estate pending the delay. When there is an appeal from the decision of the commissioners only that question goes up, and the probate court may suspend its order ·for the payment of debts or may order a distribution among the creditors whose claims are allowed, leaving sufficient assets to pay the claim disputed and appealed. P. L. 2931.

By P. L. 2842, when commissioners are appointed, all claims proper for their allowance must be presented to them or they will be barred. The probate court cannot try such claims; it can only accept or reject the report of the commissioners. Hence, until the report of the commissioners was vacated such report was conclusive as to the particular claims allowed in making an order for their payment under P. L. 2930, and in allowing that part of the administrator's account which may have included such claims.

At the time the appeal was taken from the allowance of the administrator's account and from the order directing the payment of debts allowed by the commissioners, the probate court had not acted upon the petition of the appellants to open the estate and to recommit the report of the commissioners. Only the probate court in the first instance could act upon such a petition, hence the report of the commissioners, until vacated, had the same conclusive effect in the county court on that appeal as in the probate court.

We hold that the probate court did not lose jurisdiction to make the order in question because of the appeal. This holding need not result in confusion, because the county court upon being informed will withhold action upon the first appeal until the matter here in question is finally decided, and such de-

cision will then be available for use in deciding the matter before it upon such appeal.

*Judgment reversed, appeal as to Mrs. Helen Turnbull dismissed with costs and to be certified to the probate court, and cause as to Mrs. Barney Delligan and Mary Barney Delligan, Admx., remanded to the county court for further proceedings, and with leave given to the appellants to procure and file an amended copy of the record of appeal.*