(Surrogate's Court, Cattaraugus County.   July, 1901.)

1. Costs—Disputed Claims against Estate.

Where a disputed claim against the decedent's estate is heard by the surrogate on judicial settlement, costs to the successful claimant are discretionary, under Code, § 2561; and in the exercise of the discretion the court should be governed by sections 1835 and 1836, providing that, when judgment is rendered against an executor or administrator after the administrator has unreasonably resisted a claim, costs may be awarded against the executor or administrator either out of his individual property or that of the estate.

2. Same.

Where resistance of an administrator to the allowance of a claim results in reducing it 75 per cent., the claimant is not entitled to costs.

In the matter of the judicial settlement of the estate of Simeon Ingraham, deceased.   Decree rendered.

G. W. Cole and W. G. Laidlaw, for administrator.

J. M. & G. M. Congdon, for claimant, Adelia C. Cowdry.

DAVIE, S.   About the 21st of April, 1900, the claimant, Adelia C. Cowdry, presented to the administrator a claim against the estate for services alleged to have been rendered by the claimant for the decedent during a period of 13 years immediately preceding his death, amounting in all in value to the sum of $5,086.88, and admitting credits thereon to the amount of $514, leaving a balance of $4,572.88.   This claim was rejected by the administrator by written notice dated April 27, 1900, in the following form:

"To Mrs. Adelia C. Cowdry: You will please to take notice that the claim presented by you to me as administrator of the estate of Simeon Ingraham, deceased, against the estate of the said Simeon Ingraham, deceased, amounting to the sum of $4,572.88, is hereby wholly disputed and rejected.

"Dated April 27th, 1900.

          "Yours truly,                              Elbert Ingraham,
              "Administrator of the Estate of Simeon Ingraham, Deceased."

On the 2d day of May, 1900, the administrator filed with the surrogate a consent that said claim might be heard and determined by the surrogate upon the judicial settlement of the estate, and on the 23d day of October of the same year a similar consent was filed by and on behalf of the claimant, Adelia C. Cowdry.   Proceedings having been instituted for a judicial settlement of the estate, and the administrator's accounts having been filed and settled, and the surrogate having heard the proofs and allegations presented on behalf of the respective parties in regard to such personal claim, he determined the amount thereof by a decision dated May 31, 1901, and that the claimant was entitled to recover against the estate of decedent for and on account of the services set forth in the claim filed the sum of $1,179.20, and that she was not entitled to recover any further or greater sum.   The question which now arises upon the settlement of the terms of the decree is the one relating to the

right of the claimant to recover costs in this proceeding. Her right to recover disbursements is not involved, as the attorneys for the respective parties have stipulated that she should recover her witnesses' fees and disbursements incurred in this proceeding. The only question is as to whether the claimant is entitled to receive out of the funds of the estate any allowance for counsel fees upon this proceeding, and, if so, what amount. I am unable to find any adjudication of this particular question, and the practice has become so common of submitting disputed claims to the determination of the surrogate upon judicial settlement that the question of costs in such proceedings should be determined. The power to award costs in surrogates' courts is derived wholly from statutory provisions. In re Holden, 126 N. Y. 589, 27 N. E. 1063; McMahon v. Smith, 20 Misc. Rep. 305, 308, 45 N. Y. Supp. 663; Du Bois v. Brown, 1 Dem. Sur. 317. Hence it is entirely apparent that costs cannot be awarded to the claimant in this case unless the statute expressly or by reasonable implication makes provision for such allowance. This case is not one embraced within the terms of section 2558 of the Code, where costs are to be either allowed or disallowed as a matter of law. There is no express provision in the statute relating to the submission of disputed claims against the estate to the determination of the surrogate for allowance or disallowance of costs; but the determination of the merits of a disputed claim upon judicial settlement becomes, by virtue of the provisions of the statute, an incident to the judicial settlement, and the claimant, upon the filing of the consent provided for in the statute, becomes a party to such proceeding, and the allowance of costs must be determined by the provisions of section 2561 of the Code. In other words, in a case of this kind the allowance or disallowance of costs is a matter within the discretion of the surrogate; such discretion to be exercised within the limits as to the amount of costs specified in the section last cited. In the exercise of this discretion, however, the surrogate should be guided by the principles and decisions relating to the question of costs against estates in case of actions. Section 1835 of the Code provides:

"Where a judgment for a sum of money only is rendered against an executor or administrator, in an action brought against him in his representative capacity, costs shall not be awarded against him, except as prescribed in the next section."

The next section (1836) is as follows:

"Where it appears in a case specified in the last section that the plaintiff's demand was presented within the time limited by a notice, published as prescribed by law, requiring creditors to present their claims; and that the payment thereof was unreasonably resisted or neglected, or that the defendant did not file the consent provided in section 1822 at least ten days before the expiration of six months from the rejection thereof, the court may award costs against the executor or administrator, to be collected either out of his individual property or out of the property of the decedent as the court directs, having reference to the facts which appear upon the trial. Where the action is brought in the supreme court, the facts must be certified by the judge or referee before whom the trial took place."

In this case the claim was presented within the time limited by the notice to creditors, and the administrator directly after the rejection of the claim filed with the surrogate his consent as provided in section 1822. This being the case, had an action been brought upon this claim costs could not have been allowed to the claimant unless the court or referee before whom the same had been tried certified that the payment of the claim had been unreasonably resisted or neglected. In this case costs should not be allowed to the claimant unless it appears that the payment of the claim was unreasonably resisted or neglected. It is true that by the phraseology of the notice of rejection the claim is rejected in its entirety, and no suggestion is made of allowing any portion of the claim, yet it does appear that a very material reduction of the claim resulted from the trial before the surrogate; the claim as presented amounting to $4,572.88, and, as allowed, to the sum of $1,179.20. Under the decisions bearing upon that question, it could not be held that an administrator had unreasonably resisted the payment of the claim where he had succeeded upon the trial in reducing its amount to less than one-quarter of that claim. · The reasons which are operative in determining the right to costs in an action at law against an estate apply equally as well to a claim determined on judicial settlement by the surrogate. The payment of the claim in this case was not unreasonably resisted. The defense resulted in shielding the estate from liability to the extent of several thousands of dollars. Consequently costs cannot be allowed to the claimant.

As a result of such examination as I have been able to give this question of costs, I come to the following conclusions: That in all cases where disputed claims against an estate are submitted to the surrogate for determination on judicial settlement, pursuant to the provisions of section 1822 of the Code, the allowance or disallowance of costs to the claimant is a matter of discretion with the surrogate. Such discretion must be exercised within the limits, as to amount, provided for in section 2561. That, in the exercise of such discretion, the surrogate should be guided and controlled by the same principles which are applicable to the allowance or disallowance of costs in actions at law against estates. That a claimant not an heir at law or next of kin, and for that reason not entitled to citation upon judicial settlement, upon presentation of his claim, and filing of the proper consent that the same be heard and determined by the surrogate upon the judicial settlement, becomes a party to the proceeding, and consequently may be allowed costs in a proper case.

Decreed accordingly.