ADMINISTRATION—DISPUTED CLAIMS—COSTS.
  Where disputed claims are submitted to a surrogate for determination
  on a judicial settlement, as provided by Code Civ. Proc. § 1822, the al-
  lowance or disallowance of costs to the claimant is in the surrogate's
  discretion, limited only by Code Civ. Proc. § 2561.

In the matter of the judicial settlement of Platt Coonley and Jane
Maria Reed, administrators of William K. Reed, deceased.  Decree
of distribution entered.

Osborn & Bloodgood, for administrators.
Alberti Baker, for William H. Shufelt.
Clarence E. Bloodgood, for William W. Cummings.
Charles E. Nichols, for Stephen P. Hallock.

TALLMADGE, S.  William H. Shufelt, William W. Cummings,
and Stephen P. Hallock severally presented claims to the administra-
tors herein, which were rejected by the administrators, and a written
consent was filed in the surrogate's office by each of said claimants and
by said administrators that said claims might be heard and deter-
mined by the surrogate of Greene county on the judicial settlement
of the account of said administrators.  On such judicial settlement
each of said claims was established and allowed by the surrogate,
but each claim was reduced, and allowed for a smaller sum than the
claim as presented and rejected.  The question now arising for my
determination is whether the claimants are entitled to an allowance
for costs in this proceeding.

Prior to the amendment of section 1822 of the Code of Civil Pro-
cedure, permitting rejected claims to be heard before a surrogate on
judicial settlement of the account of an executor or administrator
when consents were filed to that effect, a claimant had two remedies
to enforce a rejected claim,—one by action, and the other by a refer-
ence under section 2718 of the Code.  In either case the costs were
regulated by sections 1835 and 1836 of the Code.  These sections do
not refer to or regulate the costs in a special proceeding in surro-
gate's court.  Section 2561 and 2562 govern costs in such proceed-
ings.  Section 1822, as amended in 1895, creates a new remedy or
method of determining disputed or rejected claims; and while section
1836, which refers to costs in actions, was at the same time amended
and made to embrace the amendment of section 1822, no reference
was made in the amendment as to costs in proceedings in surrogates'
courts, and section 2561 was left as it was before the amendment.
Under section 1822, the claims referred to in that section can only be
tried before the surrogate on the judicial settlement of an account of
an executor or administrator; and it is thus made a part of, or an in-
cident to, the judicial settlement.  Such proceeding is analogous to a
proceeding to establish an individual claim of an executor or adminis-

trator, which can only be done on judicial settlement, as provided by
section 2731.

My attention has been called to the case of Benjamin v. Ver Nooy,
168 N. Y. 582, 61 N. E. 971. In that case the court said:

"The executor is entitled to one lawful trial, and to exemption from costs,
saving the excepted cases, until he has had one lawful trial."

This language was used on an appeal from a judgment obtained in
an action in the supreme court, and the decision was based on sec-
tions 1835 and 1836 of the Code. I cannot, therefore, understand how
the language used by the court in that case can refer to a proceeding in
surrogate's court, where the costs are regulated by a different section
of the Code. The only reported case where this question has been
passed upon, to which my attention has been called, is In re Ingra-
ham's Estate, 35 Misc. Rep. 577, 72 N. Y. Supp. 62, decided by Davie,
S., who holds that:

"In all cases where disputed claims against an estate are submitted to
the surrogate for determination on judicial settlement pursuant to the provi-
sions of section 1822 of the Code, the allowance or disallowance of costs to
the claimant is a matter of discretion with the surrogate. Such discretion
must be exercised within the limits, as to amount, provided for in section
2561. That, in the exercise of such discretion, the surrogate should be
guided and controlled by the same principles which are applicable to the al-
lowance or disallowance of costs in actions at law against estates."

I do not agree with the learned surrogate that, in the exercise of
his discretion, the surrogate should be guided and controlled by the
same principles which are applicable to the allowance or disallowance
of costs in actions at law against estates, nor do I agree with him in
his reasoning where he says:

"The reasons which are operative in determining the right to costs in an
action at law against an estate apply equally as well to a claim determined
on judicial settlement by the surrogate."

If such reasoning and holding are correct, the surrogate is left with-
out any discretion in the matter. If this proceeding is controlled by
sections 1835 and 1836 of the Code, the surrogate has no discretion
in the matter, excepting, perhaps, to grant or withhold the certificate
as to costs as provided in those sections. If those sections do not
apply to such a proceeding, they should not be taken into considera-
tion, and the surrogate should grant or withhold costs as he is
prompted by the facts in each particular case. It might be urged that
the law governing costs ought to be the same in a special proceed-
ing in a surrogate's court that it is in an action. Our answer to this
is that the legislature has seen fit to make and preserve a distinction,
for what seems to me to be a wise purpose. Prior to the amendment
of section 1822, judicial settlements were often delayed for months,
and sometimes years, to await the result of an action on a disputed
claim. This amendment provides for a simple and speedy remedy
for the determination of disputed claims, and, as soon as an ex-
ecutor or administrator is ready to file his account and have the
same passed upon by the surrogate, all claims, where consents have
been filed, can be determined in the same proceeding at a time when

all parties interested in the estate are permitted to be present, and in such a proceeding it is in the discretion of the surrogate to allow the limited amount of costs prescribed by section 2561 of the Code. If a creditor refuses to file the consent, and elects to bring an action on the claim, he must do so without the right to recover costs; and if the claimant files his consent, and the executor or administrator refuses to file his consent, that the claim be heard before the surrogate within the time prescribed, costs upon a recovery may be allowed in an action. I am unwilling to hold that a surrogate's court can be flooded with claims carelessly rejected by executors or administrators, and that claimants can be compelled to appear in surrogate's court to prove a just claim at their own expense, until there is some law clearly requiring such determination.

The parties, having consented in this case to have their claims heard and decided by the surrogate on the judicial settlement of the account of the administrators, have by reason of such agreements or stipulations brought themselves under the provisions of section 2561 as to costs; and I am of the opinion that in all cases where disputed claims against an estate are submitted to the surrogate for determination on judicial settlement, pursuant to the provisions of section 1822 of the Code, the allowance or disallowance of costs to the claimant is in the discretion of the surrogate, limited only by section 2561, and that William H. Shufelt should be allowed for his costs and disbursements the sum of $30, William W. Cummings should be allowed for his costs and disbursements the sum of $25, and Stephen P. Hallock should be allowed for his costs and disbursements the sum of $20.

Decreed accordingly.