[No. 11096.   Department One.   August 8, 1913.]

*In the Matter of the Guardianship of the Persons and Estates of* CLYDE GUY SROUFE *et al.*

NELLIE L. CLARK *et al.*, *Respondents*, v. ADRIAN H. SROUFE, *Appellant.*[1]

GUARDIAN AND WARD—SETTLEMENT AND DISCHARGE—VACATION— LIMITATIONS. Rem. & Bal. Code, § 464, limiting the time for the vacation of an order discharging a guardian for minors to one year after the minors arrive at full age, has no application, where an order discharging a guardian and settling his final account was entered without notice to, or knowledge of, his ward, there was no actual settlement, and he continued to hold himself out as guardian; since the order is *ex parte* and void for want of jurisdiction, and may be vacated at any time.

GUARDIAN AND WARD—SETTLEMENT. Under Rem. & Bal. Code, § 1636, a guardian must fully account for and pay over all the ward's estate at the expiration of the trust.

APPEAL—REVIEW—EXCEPTIONS. Error in vacating the discharge of a guardian and ordering a settlement cannot be reviewed on appeal, where oral evidence was taken and the same was not brought up by bill of exceptions or statement of facts.

Appeal from a judgment of the superior court for King county, Frater, J., entered January 11, 1911, vacating the discharge of a guardian and settling his account. Affirmed.

*L. H. Wheeler*, for appellant.

*Mitchell & Lawrence*, for respondents.

GOSE, J.—This is an appeal from an order entered in a guardianship proceeding, vacating a former order discharging a guardian and settling his account. The record is lengthy and somewhat involved. The following, however, are the essential facts:

On the 4th day of June, 1900, the appellant, Adrian H. Sroufe, was appointed guardian of the persons and estates

[1]Reported in 134 Pac. 471.

of Clyde Guy Sroufe, Minnie Elizabeth Sroufe, and Nellie Lea
Sroufe, minors, they being respectively his nephew and nieces
in blood.   On the 8th day of August, 1908, the guardian filed
a petition, accompanied with the receipts or acquittances of
Minnie Elizabeth and Nellie Lea Sroufe.   The petition set
forth that the minors had reached their majority, that he had
paid to each thereof the amount due, and that he had obtained
from each thereof a complete discharge and release.   On
August 14th, an order was entered in pursuance of this peti-
tion discharging the guardian and exonerating his sureties.
The order recites that it appeared to the court that each of
the minors was of lawful age; that, since each thereof had
reached the age of majority, the guardian had entered into
—"satisfaction of all claims and demands by them or either of
them against him, and has paid to each thereof the sum of
$1,300 in full settlement of all claims and demands," and,
"that his said accounts and payments in all respects are here-
by approved."

. On the 31st day of October, 1910, Nellie Lea Clark, form-
erly Sroufe, filed a petition in the guardianship proceedings.
The object sought to be accomplished was to have the order
of settlement vacated and to require the guardian to account.
In her petition she alleged, among other things, that she was
not of age at the time the guardian was discharged; that she
became of age thereafter on the 21st day of October, 1908;
that the guardian induced her to execute a release by repre-
senting that her share in her father's estate was only $1,300
when it was considerably in excess of that sum; that this
money was on deposit in a certain bank; that it was necessary
for her to sign the release in order that the guardian might
pay the same to her; that he did not pay said sum or any
part thereof to her except $40, which was paid on September
24th, 1910; that she did not join in the petition for a dis-
charge; that she was not served with notice of the petition,
either personally or otherwise, and that she had no knowl-
edge of the filing of the petition or of the entry of the order,

until about the 27th day of September, 1910. She further
charged that he assumed to and continued to act as the
guardian of her estate until the 25th day of October, 1910.
Before the hearing she filed the affidavits of her brother and
sister, Clyde and Minnie, corroborating the charges.

On the filing of the petition, the court entered a show cause
order, requiring the guardian to appear on the 14th day of
November, 1910, at a stated hour, to show cause why he
should not be required to render to the court a full and true
account and report touching his guardianship; why the
order discharging him should not be vacated; why his bonds
should not be reinstated; and why he should not be required
to give additional bond. The guardian appeared and demur-
red to the petition and supporting affidavits on the ground of
want of jurisdiction, insufficient facts, and that the petition
had not been filed within the time limited by law. On Janu-
ary 11th, 1911, he served and filed his affidavit and answer
whereby he put in issue all the material allegations of the pe-
tition of Nellie Lea Clark and the supporting affidavits. He
pleaded affirmatively that the settlement with his ward was
made in good faith, after a full adjustment of the accounts,
and that she "fully ratified the said settlement by signed re-
ceipts  .  .  .  and by executing a deed whereby she con-
veyed her interest to the property in Kitsap county." On
the same day the court entered an order vacating the order
theretofore entered discharging the guardian, reinstated his
bond, and directed him to give an additional bond in the sum
of $6,000. This order further required the appellant to rend-
er a full, true and correct report and account within the time
fixed in the order.

Thereafter and on the 6th day of November, 1911, the court
issued a second citation to the appellant, requiring him to ap-
pear on the 20th day of November following, at an hour
stated in the citation, "then and there to render on oath a
full, true and correct account of his receipts and of his ex-

21—74 WASH.

penditures," touching the course of his guardianship. On December 11th following, the motion of appellant to quash the citation was overruled. On December 18th following, the appellant's default was entered. The order recites that,

"The court having heard and denied the motion of said Sroufe to quash the citation for said account on the 6th day of December, 1911, the said Sroufe being then and there represented by his attorney of record, L. H. Wheeler, and no account having been filed or served herein, and said Clark and said Whitney having in open court then and there moved the court for the default of the said Sroufe, and the court having then and there at the request of said Wheeler extended the time for filing an account herein until the hour of 9:30 a. m., on the 11th day of December, 1911. . . ."

The record shows that, on June 6th, 1912, two witnesses were sworn and testified in the proceeding and that the cause was continued to June 14th, when other witnesses were sworn and testified and certain documentary evidence was admitted. On June 29th, 1912, upon the testimony thus adduced, the court made and filed an account against the guardian. The order recites that it was made on the best evidence obtainable; that there had been no settlement between the appellant and his wards, and that Nellie Lea Clark became eighteen years of age on the 21st day of October, 1908. On the former date, June 29th, another citation was issued to the appellant commanding him to appear before the court at an hour stated on the 9th day of August, 1912, to show cause "why the final account of said guardian as made and filed by the said court should not be allowed and settled." The citation, together with a copy of the account found by the court and filed, was served on the appellant on the 2d day of July, 1912. The appellant answered this citation substantially as he had answered the original petition and affidavits, and pleaded affirmatively the bar of the proceedings by the one and two years statute of limitation. On the 23d day of August following, a final order was entered settling the account between the appellant and Nellie Lea Clark and Minnie

Elizabeth Whitney, formerly Sroufe, she having in the meantime united in the petition of Nellie Lea Clark.

The first point pressed is that the court erred in overruling the appellant's demurrer to the petition and affidavits. It is argued that the case is controlled by the provisions of the code, Rem. & Bal. Code, § 464 (P. C. 81 § 1163), etc., and that both wards having arrived at full age more than one year before the petition was filed, the right of action was barred by statute. The argument overlooks the charges in the petition and affidavits, (a) that the order of settlement and discharge was made without notice to or the knowledge of the wards, and (b) that the guardian's account had neither been settled by the court nor between the guardian and his wards, and (c) that he continued to hold himself out as guardian of their respective estates until within a month before the initiation of these proceedings. The settlement and discharge were, therefore, *ex parte*, and determined nothing as between the guardian and his wards. *Lushington v. Seattle Auto & Driving Club*, 60 Wash. 546, 111 Pac. 785; *In re Sullivan's Estate*, 36 Wash. 217, 78 Pac. 945; *Boston Nat. Bank of Seattle v. Hammond*, 21 Wash. 158, 57 Pac. 365.

In the *Lushington* case, in speaking of the effect of a judgment entered without service or voluntary appearance, the court said:

"The right to vacate such judgments does not arise out of, nor does the procedure to secure the right depend upon, the statute. Rem. & Bal. Code, title 3, ch. 17. It is inherent in the court itself. It is no more nor less than the power possessed by every court to clear its record of judgments void for lack of jurisdiction. *Dane v. Daniel*, 28 Wash. 155, 68 Pac. 446."

The rule there announced is one of the fundamentals of the law, and applies to all hearings had without notice or a voluntary appearance in adversary proceedings. *Jorgenson v. Winter*, 69 Wash. 573, 125 Pac. 957. The court was therefore powerless to settle the guardian's account, and the

discharge affords him no protection. It is the duty of a guardian, at the expiration of his trust, to fully account for and pay over to the wards all the wards' estate remaining in his hands. Rem. & Bal. Code, § 1636 (P. C. 409 § 709).

The appellant in support of his demurrer has cited: *Bock v. Sanders,* 46 Wash. 462, 90 Pac. 597; *Peterson v. Lara,* 46 Wash. 448, 90 Pac. 596; *Meeker v. Mettler,* 50 Wash. 473, 97 Pac. 507. In the first two of these cases, it was held that, where there was a recital of due service of process in a judgment, the presumption of jurisdiction is not overcome by a defective record. In the *Meeker* case, the ward was present at the time the account was settled. The record of discharge in the case at bar is silent as to notice and the petition and affidavits charge that no notice was given.

The next errors assigned are, (1) that the court erred in vacating the order of discharge and in requiring the appellant to render an account, and (2) in entering a judgment against him. In the absence of a bill of exceptions or statement of facts—and there are none here—these questions are not open to appellant. *Hayworth v. McDonald,* 67 Wash. 496, 121 Pac. 984. The minute entries in the transcript show that parol evidence was taken.

A reference to our statement of the facts disclosed by the record will show that the appellant had ample opportunity to contest the questions of the validity of the settlement, whether the settlement was made with or without notice, and the validity of the discharge, and to participate in the accounting. Instead of meeting these questions, he chose to rely on the defense of the bar of the statute, and other defenses of a technical nature.

The judgment is affirmed.

MOUNT, PARKER, and CHADWICK, JJ., concur.