[No. 13181.  Department Two.  April 11, 1916.]

*In the Matter of the* ESTATE OF JOSEPH TACHI.

ANTONIA TACHI, *Appellant*, v. JOHN P. KENT, *as*
*Administrator, Respondent.*[1]

EXECUTORS AND ADMINISTRATORS—COMPENSATION—CONTRACTS—FI-
NAL ACCOUNT—MATTERS CONSIDERED. An agreement by the widow
and sole heir that she waive her right to administration and that
the deceased partner in certain real estate act as administrator and
receive one-half of the commissions allowed by law upon other than
partnership property, should be enforced in the probate proceedings
on the final accounting.

APPEAL—DECISION—COSTS. An appellant who recovers a more fa-
vorable judgment on appeal is entitled to costs on appeal.

Appeal from a judgment of the superior court for Walla
Walla county, McCroskey, J., entered June 7, 1915, allow-
ing an administrator's final account, on objections by the sole
heir.  Modified.

*John C. Hurspool,* for appellant.

*F. A. Garrecht* and *Evans & Watson,* for respondent.

HOLCOMB, J.—Joseph Tachi died intestate on August 8,
1912, leaving surviving him his widow Antonia Tachi, but
no children.  All the property left by the deceased was com-
munity property, so that Mrs. Tachi was the sole heir.  The
deceased and John P. Kent owned certain real estate together.
Immediately after the death of Tachi, Mr. Kent went to the
home of his widow and there insisted on his appointment as
administrator of the estate.  Mrs. Tachi's consent was ob-
tained, she signed a petition asking for Mr. Kent's appoint-
ment, and in due course he was appointed.  Some days after
the signing of the petition by Mrs. Tachi, she went to the
office of Kent's attorneys, where a contract was prepared
which she signed by making her mark, she being unable to

[1]Reported in 156 Pac. 833.

read or write any language.   Mr. Kent proceeded with the administration of the estate and, about two years and three months after his appointment, he filed his final account, charging the estate with commissions as administrator upon community property of deceased to the amount of $169,-026.80, the commissions aggregating $6,801.07.   Upon the filing of the final account, Mrs. Tachi filed her objections to the allowance of the account as to this commission on the ground that her consent was obtained by undue influence and the claim that Mr. Kent represented that he had a prior right because of his alleged partnership with Mr. Tachi.   She also objected to the allowance of the full amount of the commission, claiming that she was entitled to one-half thereof under the agreement made with Mr. Kent in regard thereto.   The agreement is set up in an affidavit made by the administrator in response to the objections to the final account made by Mrs. Tachi, and recites, among other things, that:

"Mrs. Tachi has heretofore petitioned the superior court to have John P. Kent appointed administrator of the estate of the said Joseph Tachi, deceased, and it being agreeable to said parties owning property in partnership with the said Joseph Tachi at the time of his death that all of the different properties be included and administered upon at the same time.

"Now for the purpose of carrying into effect said arrangement agreeably to those concerned, it is understood and agreed between the said John P. Kent and Antonia Tachi that the said Kent is to have the administration of all of said property community and partnership; that the said Antonia Tachi is to have, collect, receive and account for the rents from the garden lands belonging to said Joseph Tachi and the houses rented belonging to said Joseph Tachi at the time of his death, and as compensation therefor said Antonia Tachi is to receive one-half of the commission as provided by law, and which would be due and payable upon the community property of the said Joseph Tachi only, as distinguished from the other property in which the said Joseph Tachi had a partnership interest at the time of his death."

Upon a hearing of the objections by the court, Mrs. Tachi testified that, at the time of the conferences between herself and Mr. Kent, he repeatedly offered that, if she would let him administer the estate, he would give her one-half of the commission; that he would do the work and give her half of the commission. There was other testimony to the same effect, and it must be considered that Mrs. Tachi, having waived her right to administer upon the estate in favor of Mr. Kent, did so, at least partially, upon the understanding and agreement that Mr. Kent would allow her one-half the commissions allowable to the administrator. This is further confirmed by the agreement in question, although it limits the matter of the commission to the community property of deceased as distinguished from the property in which deceased at the time of his death had a partnership interest with Mr. Kent. There is no showing of any undue influence or any improper conduct in the administration of the estate on the part of the administrator; and, in fact, those contentions seem to have been abandoned.

The court took the view that the matter of the division of commission between Mrs. Tachi and Mr. Kent was a purely personal agreement between them, not connected with the estate and in no sense a part of the probate of the estate, and that it, therefore, had no jurisdiction to consider the matter upon the hearing. Even were the contract construed to be a separate and distinct agreement apart from the administration of the estate, yet all the parties to it were before the court, the determination thereof would prevent a multiplicity of suits, and there would be no inequity whatever in determining the matter as a part of the administrator's administration of the estate. Under his contract, he is not entitled to more than one-half of the commission designated therein. In view of his agreement to allow Mrs. Tachi the one-half of his commissions in consideration of her waiving her right to administer upon the estate, and she being the sole heir, there

is no reason whatever why it should not be determined in this matter and thus ended. Upon the record before us, we are able to determine what part of the estate was owned in common by Tachi and Kent. The appraised value thereof aggregates the sum of $19,700. Kent is not entitled to consider exempt from the agreement between him and Mrs. Tachi partnership or joint property owned by the deceased and others than himself. The statutory commission upon property owned by respondent and Joseph Tachi of the value of $19,700 amounts to the sum of $828, to which commission the administrator is entitled without division. This leaves commissions in the amount of $5,973.07 upon property administered by him which he is required to divide and allow appellant and deduct from his own commissions the sum of $2,986.54. The judgment is modified accordingly, so as to allow the respondent, as administrator's commissions, the sum of $3,814.53, and distribute to the appellant the sum of $2,986.54 as commissions waived by respondent in her favor. Appellant, having recovered a more favorable judgment in this court, is entitled to her costs of appeal, which should not be paid by the estate but by the respondent, and it is so ordered.

MORRIS, C. J., MAIN, and PARKER, JJ., concur.