Matter of the Final Judicial Settlement of the Estate of WILLIAM KOHLER, Deceased.

(Surrogate's Court, Sullivan County, February, 1917.)

Costs — when application for, denied — executors and administrators — accounting — attorneys.

Where a disputed claim for $340 for board and care of decedent's infant daughter was submitted to the surrógate for determination upon the judicial settlement of the accounts of the administratrix, and the claimant was allowed $320, no claim being made that the original claim was unreasonably rejected or resisted, an application by the attorney for claimant for an allowance of costs will be denied.

APPLICATION for allowance of costs to attorney for claimant on trial of rejected claim in Surrogate's Court.

Robert B. McGinn, for claimant.

Joseph Rosch, opposed.

SMITH, S. In the course of the administration of this estate Conrad Ruppert presented a claim to the administratrix for board and care of an infant daugh-

Surrogate's Court, Sullivan County, February, 1917.  [Vol. 99.

ter of deceased amounting to the sum of $340.  The claim was rejected by the administratrix and with the notice of rejection she filed an order to submit it to the surrogate for determination on the final settlement of her accounts.  The consent was made December 24, 1915, and the claimant on January 8, 1916, also filed his consent that the matter be determined by the surrogate on the final settlement.  The disputed claim was thereafter heard and was allowed at the sum of $320.  The attorney for claimant now moves for an allowance to him for costs and his application is opposed on behalf of the estate.  There is no claim that the account was unreasonably rejected or its payment unreasonably resisted or neglected.  In fact such a claim could not well be urged because of the nature of the claim presented, even though the court upon the evidence allowed it at practically its full amount.  The precise question here then is: Should the Surrogate's Court allow costs to the attorney for the claimant, whose claim has been rejected by the representative of the estate, in a case where the claimant has been successful, although no claim is made that it was unreasonably rejected or resisted?

There seems to be no doubt that under both the former and the present practice the allowance of costs in such a case is in the discretion of the surrogate.  Code Civ. Pro. § 2743; former section 2561; *Matter of Coonley,* 38 Misc. Rep. 219; *Matter of Ingraham,* 35 id. 577.

But under the former practice in case an action was brought pursuant to section 1822 of the Code costs could be allowed only as provided by sections 1835 and 1836.  These provisions did not include a case where a defendant filed a consent to submit the claim to the surrogate for decision on the final settlement;

and it was held by Davie, Surrogate, in *Matter of Ingraham, supra,* that no allowance of costs in Surrogate's Court should be made when the claimant could not have recovered them in case he had brought an action. The reasoning of the learned surrogate in that case was questioned by Judge Tallmadge in the *Coonley* case, in which he held that the surrogate should determine the question as a matter of discretion and without any reference to the provisions of sections 1822 and 1835 and 1836. Under the present provisions of the Code covering this question " If the executor or administrator doubts the justice or validity of any claim presented to him, he shall serve a notice in writing upon the claimant that he rejects said claim, or some part of it, which he specifies. Unless the claimant shall commence an action for the recovery thereof against the executor or administrator within three months after the rejection, or, if no part of the debt is then due, within two months after a part thereof becomes due, said claimant, and all persons claiming under him, are forever barred from maintaining such action, and in such case said claim shall be tried and determined upon the judicial settlement.'' Where an action is brought, no costs can be allowed except upon the certificate of the justice presiding at the trial to the effect that the payment of the claim was unreasonably resisted or neglected. Why should a different rule prevail where the claim is tried in Surrogate's Court? If the representative of an estate has any good reason to doubt the justice or validity of a claim, it is his duty to reject it and put the claimant to his proof to substantiate it. Experience in the settlement of estates has shown a strong tendency to interpose stale and questionable claims against the estates of deceased persons. Frequently the claims are of

such a nature as to negative the idea that they would have been presented to the decedent in his lifetime. When, as sometimes happens, there are several claims of doubtful justice, but small in amount, the representative is inclined to allow them as presented rather than have the trouble and expense of a contest. I think that the representative of a deceased person's estate should have a free hand in the investigation and rejection of claims presented against it, holding him responsible for unreasonably disputing or rejecting a claim by charging him personally with the payment of costs, which can be done under section 2744 of the Code.

These views lead to a denial of the application of claimant's attorney for an allowance of costs in this proceeding. A decree on the settlement may be entered accordingly.

Decreed accordingly.