Matter of the Last Will and Testament of ANDREW L. BUSH, Deceased.

(Surrogate's Court, Westchester County, February, 1919.)

Costs — authority of surrogate to allow statutory — what are not taxable — Code Civ. Pro. §§ 2743, 2744, 2746.

> The only law that authorizes a surrogate to allow costs in his discretion is found in sections 2743, 2744 and 2746 of the Code of Civil Procedure.
>
> Though counsel fees paid by an executor or administrator for services rendered are properly included in his account as items of disbursements, they are not taxable as costs.

APPLICATION for allowances.

Taylor & Coward, for petitioner.

Wilson Brown, Jr., for temporary administrator.

Lamar Hardy, for Henry Hobart Bush et al.

David B. Luckey, for George W. Thomas.

George W. Thomas, for Anna B. Frank.

Nathaniel S. Corwin, for Edward R. Bush.

Wing & Russell, for Hewlett Bush.

SLATER, S.  My predecessor in office decided that Sarah H. Bush had a life estate under the will of Andrew L. Bush, and that at her death, there being no remaindermen, the estate should be distributed according to the statutes of distribution.  I see no reason for

changing this decision and I have made a written decision in accordance therewith.

Several of the attorneys appearing in this proceeding have submitted affidavits wherein they ask for certain allowances to be made to them by this court. The surrogate is without power to award costs or make an allowance for any purpose unless expressly authorized to do so by the Code of Civil Procedure. Jessup-Redfield's Surr. Pr. 1332, and cases cited; *Matter of Ingraham*, 35 Misc. Rep. 577; *Matter of Coonley*, 38 id. 219.

The power of surrogates to allow costs is purely statutory. The only law which gives me power to award costs in a proceeding is found in sections 2743, 2744 and 2746 of the Code of Civil Procedure.

The power of awarding costs is in the legal discretion of the surrogate. *Matter of Richmond*, 63 App. Div. 488.

The costs and allowances should be made to the parties and not to their attorneys or counsel. *Matter of Welling*, 51 App. Div. 355; *Matter of Wright*, 121 id. 581.

The fees of a counsel for an executor or administrator for services rendered are disbursements to be included in the executor's or administrator's account but are not taxable.

Let bills of costs be presented with detailed affidavits, as to services rendered in preparing for the contest, upon which bills of costs and affidavits the court will fix the costs to the several parties and insert the amount in the decree.

Decreed accordingly.