This is an appeal from a judgment of the superior court in probate approving the final account of an administrator.
George Allen died May 27, 1931, in the city of Aberdeen, where he resided for some years. The following day, Frank Marshall, who was the nearest friend of the deceased, was appointed special administrator of his estate. The deceased left no will, and, so far as known, had no relatives. The special administrator arranged for the funeral and the interment. The funeral expenses amounted to $496.50, $420 of which was for a casket. The interment was in a mausoleum in the Aberdeen cemetery, and the expense of this was $260, $225 of which was for the crypt.
On the same day that Marshall was appointed special administrator, he petitioned to be appointed general administrator, and in course of time he was appointed as such and qualified. June 10, 1931, the undertaking company presented its claim for the funeral expenses in the amount above mentioned, which was approved by the administrator and the court, and it was subsequently paid. The cemetery association presented its claim, and it was likewise approved and paid. The order of the court approving the two claims was made December 10, 1931.
The appraised value of the estate was $3,042.31. The decedent was a shingle weaver, and the administrator was superintendent of the mill. The latter *Page 67 
testified, relative to the manner in which the decedent lived, that "he boarded around; he lived with me quite some time; kept house together; he worked for me."
The general administrator filed his final report and petition for distribution of the estate January 3, 1933, and the day set for the final hearing thereof was April 7th of that year. When the matter came on for hearing, the supervisor of the inheritance tax and escheat division of this state appeared and objected to two items, the amount paid for the casket and the amount paid for the crypt. These objections were overruled, the account of the administrator approved, and the estate escheated to the state of Washington, because no heirs or relatives had been found. From the judgment approving the final account, the supervisor of the inheritance tax and escheat division appealed.
[1] The respondent, in his brief, moves that the appeal be dismissed. Whether this motion should be sustained depends upon whether the supervisor could question the amount paid for the casket and the crypt upon the final hearing of the administrator's report; these items some months previously having been paid after the claims had been presented. There is no provision in the statute for notice to the beneficiary of the estate, whether he be legatee, devisee, heir or the state, in case of an escheat, when claims are presented against the estate and either allowed or rejected. The first opportunity that the beneficiary has is upon the final hearing upon the final account, unless he may be brought in for a special hearing upon a claim. This is not an open question in this jurisdiction.
In In re Parkes' Estate, 101 Wn. 659, 172 P. 908, it was held that the allowance of the claim did not have the effect of a judgment so as to raise the bar of res adjudicata, but that the allowance was only *Page 68 
qualified, and it could be questioned upon a hearing upon the final account. It was there said:
"We cannot agree with the lower court that, when a claimant against an estate has filed his claim and the same has been allowed, this is a waiver of all liens of a like nature not included; neither can the allowance of a claim have the effect of a judgment so as to raise the bar of res adjudicata. The allowance of the claim is its establishment as a charge of indebtedness against the estate. But this allowance is only a qualified allowance, since the heirs and distributees may question it, as they may question any expenditure of the funds of the estate upon the hearing of executor's reports, or at any other due and suitable time."
The cases of In re Sullivan's Estate, 36 Wn. 217,78 P. 945; In re Sroufe's Estate, 74 Wn. 639, 134 P. 471, and Inre Gardella, 152 Wn. 250, 277 P. 846, are to the same effect.
Rem. Rev. Stat., § 1480, which is one of the sections of the probate code, when properly construed, does not call for a different holding. That statute provides that every claim which has been allowed by the executor or administrator and approved by the court shall be ranked among the acknowledged debts of the estate, "to be paid in the course of administration." The language used does not require a holding that the approval of a claim by the superior court operates as res adjudicata against further inquiry. If such construction were placed upon the statute, it would mean that the beneficiaries of an estate would have no right to be heard upon the reasonableness of claims which had been presented and approved, and would present a constitutional question of some importance.
[2] It is further said that the appeal should be dismissed because the claimants were not made parties thereto. But this contention is without merit. Notice of appeal was given in open court at the time *Page 69 
the judgment approving the final account was signed, and this was all that was necessary.
The motion to dismiss the appeal will be denied.
[3] Upon the merits, the question is, what was the reasonable value of the casket and the crypt.
Rem. Rev. Stat., § 1541, provides that the debts of an estate shall be paid in the following order: "(1) Funeral expenses in such amount as the court shall order. . . ."
Under this statute, funeral and interment expenses which are reasonable will be allowed. Home Undertaking Co. v. Joliff,172 Wn. 78, 19 P.2d 654. What is a reasonable amount is governed largely by the custom of people of the social rank to which the decedent belonged, and also the value of his estate. Foley v.Brocksmit, 119 Iowa 457, 93 N.W. 344, 97 Am. St. 324, 60 L.R.A. 571; Ross on Probate Law Practice, Vol. 1, p. 804; 24 C.J. 308.
[4] In the case now before us, there is no evidence as to the reasonable value of the casket and no evidence as to the reasonable value of the crypt, except the testimony of the administrator, which is of little probative value because of his lack of qualifications to speak on that question. When the supervisor of the inheritance tax and escheat division objected to the items mentioned, the respondent requested the court to give him an opportunity to call witnesses to prove the reasonable value of the articles in question, and this the court declined to do. Upon the hearing, after the objection to the items was made, their reasonable value became a material subject of inquiry, and the court erred in not taking the testimony.
The judgment will be reversed, and the cause remanded for further proceedings as herein indicated.
BEALS, C.J., MITCHELL, STEINERT, and MILLARD, JJ., concur. *Page 70