MILLARD, C.J., HOLCOMB, STEINERT, and GERAGHTY, JJ., dissent. *Page 613 
George Allen died in May, 1931. An administrator was appointed for his estate July 9, 1931. The estate was appraised at $3,042.31. Of this amount, $2,914.31 was cash in banks. April 30, 1934, the administrator filed his final account. By this account, it appeared that the general expenses of administration were $494.70. This sum included a charge of two hundred dollars for services of the administrator, and two hundred dollars for his attorneys. The account also included a charge of $496.50 for funeral expenses — casket and undertaker's services. In addition to that, there was a charge of $260 for a burial crypt in a mausoleum.
There being no heirs entitled to the estate, the supervisor of the inheritance tax and escheat division appeared and objected to the allowance of the last two items mentioned. Without taking evidence, the court approved the charges. The supervisor appealed to this court, asserting that the charges were so exhorbitant that the court should have disallowed them as a matter of law. We held, however, that the reasonableness of the charges should be determined as *Page 614 
a matter of fact, and sent the cause back for that purpose. Inre Allen's Estate, 175 Wn. 65, 26 P.2d 396.
When the case went back, the undertaker and the cemetery association were cited into court, on petition of the administrator, to show the reasonableness of their charges. After taking evidence, the court again held that the charges were reasonable, and entered an order allowing them. In addition to that, the court allowed charges against the estate for $90.20 and $18.80 as costs to the undertaker and the cemetery association, respectively. The court also charged costs against the estate in favor of the administrator in the sum of $134.60. A further allowance of $15 was made to the administrator's attorneys. These charges were all made on account of costs of the hearing before the court below. But they are not all. In addition, the court allowed the administrator costs and attorneys' fees incurred on the former appeal to this court. The costs allowed amounted to $62, the attorneys' fee $150.
To sum up, there has now been charged against an estate appraised at $3,042.31, the sum of $1,721.80, for the expenses of administration, the funeral and burial.
The supervisor of inheritance tax and escheat division has appealed. He challenges the following of the allowances: (1) $496.50, to the undertaker; (2) $260, to the cemetery association; (3) $90.20, costs to the undertaker; (4) $18.80, costs to the cemetery association; (5) $134.60, costs to the administrator; (6) $15, attorneys' fees to the administrator's attorneys; (7) $62, costs to the administrator on the former appeal; (8) $150, attorneys' fee on account of the former appeal.
Before discussing these objections, we shall dispose *Page 615 
of a motion, made by respondent administrator, to dismiss the appeal. The motion is couched as follows:
"Under the authority of the recent case decided by this court on July 1, 1935, entitled State v. Gatavara, 182 Wn. 326,47 P.2d 18, the Respondent, Frank Marshall, administrator, moves the court for a dismissal of this appeal."
There is no analogy whatever between that case and this in respect to the situation which confronted the court. We think the legal principle there applied has no application to the situation presented here. The motion is denied.
[1] I. The evidence as to the reasonableness of the undertaker's charge was conflicting. While the numerical weight of the testimony sustains the charge of the undertaker in the sum of $496.50, we think the preponderance of the evidence is against it. Of the charge, $420 was for the casket. We think this was excessive. A maximum reasonable charge for a casket, under the facts disclosed by this record, should not exceed two hundred dollars. The undertaker's charge will therefore be allowed in the sum of $276.50, and no more.
[2] II. There is no evidence tending to show that the charge for the crypt was not reasonable. There were three ways in which the remains of the deceased might have been disposed of: Cremation, interment in the ground, or (as was done) laying in a crypt of the mausoleum. The latter was, of course, the more expensive. But we think it was within the discretion of the administrator to choose the method. Since the charge was reasonable for the method chosen, the claim of the cemetery association will be allowed in the sum of $260.
[3] III. The item of $90.20 allowed as costs to Whiteside Undertaking Company will be stricken. *Page 616 
Under the circumstances of this case, it was an improper charge against the estate. The general rule, in the absence of statute, is that a claimant is not entitled to costs incident to the proof of his claim — particularly when the claim is allowed in an amount less than that for which it was filed. 3 Bancroft's Probate Practice, § 901; In re Kohler's Estate, 99 Misc. 233,165 N.Y. Supp. 718; Strong v. Swift, 187 N.Y. Supp. 570; In reHayes' Estate, 90 Vt. 286, 98 A. 45.
We have two statutes pertinent to the subject: Rem. Rev. Stat., §§ 1479 and 1487 [P.C. §§ 9830, 9838]. The former provides that, if the administrator fails to act upon a claim within sixty days, the claimant
". . . may take the matter up before the court and the court may require the executor or administrator to act on such claim and in its discretion may impose costs and attorney's fees."
The latter section provides that, if the creditor refuses to accept a partially allowed claim,
". . . he shall recover no costs in any action he may bring against the executor or administrator, unless he shall recover a greater amount than that offered to be allowed, . . ."
Reading these two sections together and in the light of the general rule, we think it clear that the undertaking company is not entitled to costs.
IV. On the other hand, we think it equally clear that the allowance of $18.80, costs to the Aberdeen Cemetery Association, was proper.
[4] V. The allowances of costs and attorneys' fees to the administrator, as above set out, in the sums of $134.60, $15, $62 and $150, were improper. These charges were the direct consequence of the administrator's failure to properly administer the estate, in that he undertook to justify the excessive charge for *Page 617 
funeral expenses. 24 C.J. 1057; 1 Bancroft's Probate Practice, § 70; In re Tachi's Estate, 90 Wn. 621, 156 P. 833.
The order and judgment appealed from is reversed, and the cause remanded, with directions to enter an order and judgment in accordance with the views above set out.
No costs or attorneys' fees will be allowed to any of the parties on this appeal, except to Aberdeen Cemetery Association, which will be allowed its statutory costs only.
MAIN, MITCHELL, TOLMAN, and BEALS, JJ., concur.