[No. 34944.   Department Two.   April 2, 1959.]

ROBERT CLANCY, *as Executor, Respondent,* v. DONALD HAWKINS, *Appellant.*[1]

*Splawn & Bounds,* for appellant.

*Critchlow & Williams,* for respondent.

WEAVER, C. J.—The executor of the estate of Fred S. Clancy, deceased, alleged two causes of action in his complaint: the first, for wrongful death; the second, for funeral expenses. The action was commenced on behalf of the adult children of decedent who died as the result of a collision with defendant's automobile.

The jury returned a verdict for defendant on the first cause of action, and for plaintiff on the second, in the sum of $1,185.

Appellant (defendant) contends

[1]Reported in 337 P. (2d) 714.

" . . . that before damages may be awarded for funeral expenses there must be competent evidence upon two points: First,. there must be competent and sufficient evidence of the reasonableness of the charges for the services and things actually rendered; and second, there must be competent evidence from which the jury could reasonably determine that such charges were reasonably incurred with respect to the value of the decedent's estate, his station in life and matters relating thereto."

■ We agree with appellant's first contention. The record discloses that the executor testified the funeral bill was $1,185. This amount included charges for a casket, services at the funeral chapel, services at a church, and shipment of the casket to Ohio for interment in the family plot. A mortician (other than the one handling the funeral) testified that the charges were reasonable. We conclude, as did the trial court, that there was sufficient evidence, although minimum, to submit the issue of reasonableness of the charges to the jury.

In support of his second contention—that there must be competent evidence that the charges were reasonably incurred with respect *to the value* of decedent's estate, his station in life and matters relating thereto" (Italics ours)— appellant cites *Home Undertaking Co. v. Joliff*, 172 Wash. 78, 19 P. (2d) 654 (1933); *In re Allen's Estate*, 175 Wash. 65, 26 P. (2d) 396 (1933); and *In re Allen's Estate*, 186 Wash. 612, 59 P. (2d) 360 (1936).

■ These cases are not apposite; they treat with the allowance of funeral expenses in probate proceedings, wherein payment of these charges from the assets of the estate is given first priority "in such amount as the court shall order." RCW 11.76.110 (1). The reason for this is obvious. Unless the expenses bear some reasonable relationship to the assets of the estate, other parties having a subsequent interest therein would suffer. This reason has no application to the facts of the instant case. We do not, therefore, agree with appellant's second contention.

Our conclusion that this judgment must be affirmed is supported by the *rationale* of this court's decision in *Dean*

*v. Oregon R. & Nav. Co.*, 44 Wash. 564, 566, 87 Pac. 824 (1906), wherein this court said:

" . . . It was the duty of respondent to bury the body of his minor son, and it was but natural and fitting that the remains should be taken back to the old home. Appellant being responsible for decedent's death, it is holden to pay the reasonable cost of burial and the expenses appropriately incidental thereto. . . ."

See, also, *Philby v. Northern Pac. R. Co.*, 46 Wash. 173, 179, 89 Pac. 468 (1907).

■ Respondent's brief, which is, in the main, a restatement of the facts, contains no "references to the pages of the record in support thereof," as required by Rule on Appeal 42 (5) (b), (6), RCW, Volume O. No costs are allowed for this brief.

The judgment is affirmed.

HILL, FINLEY, ROSELLINI, and FOSTER, JJ., concur.